SATANTA STATE BANK v. O. B. McCLINTOCK COMPANY.[1]

February 14, 1936.

No. 30,691.

*Timerman & Vennum* and *Franklin Petri,* for appellant.
*C. E. Warner* and *Norval T. Seland,* for respondent.

LORING, JUSTICE.

This is an action to recover the purchase price of a burglar alarm system purchased by plaintiff of defendant. Plaintiff has appealed from an order denying its motion for new trial.

April 4, 1931, plaintiff entered into a contract with defendant for the purchase of a burglar alarm system to be installed by defendant in plaintiff's bank building at Satanta, Kansas. Among other provisions of the contract the defendant covenanted:

[1]Reported in 265 N. W. 303.

"The O. B. McClintock Company agrees to, and does hereby guarantee the full and complete operation of the System described in this order, subject to the above conditions and further agrees to return the full purchase price of the System if vault of purchaser is entered by burglars and loss is sustained by purchaser, the System failing to respond."

The purchase price of the alarm system was $1,095. Defendant installed the system in the bank building and thereafter serviced it from time to time. During severe dust storms in Kansas in the spring of 1933 the housing of the alarm box, on the outside of plaintiff's building, became clogged with dust, and defendant, on April 28, 1933, inspected the system and found that it failed to operate because of the dust accumulations. Defendant then put the system in condition to operate. Another dust storm occurred on the morning of April 29, and on the following night or early morning the bank vault was entered by burglars. The system failed to respond, and the burglars obtained $301.48 and two revolvers.

Plaintiff demanded a return of the purchase price under the provision of the contract set forth above, defendant refused payment, and this action was commenced. The trial court made findings of fact and concluded that plaintiff recover $1,095 with interest from April 30, 1933. Later, upon motion, it amended its conclusions of law by adding thereto:

"That upon payment by defendant to plaintiff of the sum of $1,095, with interest * * * the plaintiff forthwith return and deliver to defendant at Satanta, Kansas, the burglar alarm system installed as aforesaid under said contract."

In the motion for new trial this amendment was attacked as unjustified by the record.

It is apparent that on the motion for amended findings and conclusions the trial court treated the action as one for rescission, and the defendant takes that position here. An examination of the complaint, however, convinces us that the action was to recover damages for breach. The record bears out this conviction. The plaintiff tried its case on the theory that it is entitled to damages

for breach, that the amount of these damages was liquidated by the contract at the amount of the purchase price, and that, regardless of the amount of actual loss, defendant bound itself to pay the amount stipulated in the contract upon breach of the covenant. Much is said in both briefs in regard to liquidated damages, but in the view we take of the case it is not necessary to determine whether the contemplated loss was a proper subject to liquidate in the manner contracted for.

Defendant relied upon the following testimony of the cashier to substantiate its claim that the action was one for rescission.

Q. "You haven't removed this equipment from your bank?

A. "No, sir.

Q. "Do you know anything about removing equipment of this kind?

A. "No, I do not.

Q. "Is it available there for them if they want it?

A. "Yes, it is there."

In our opinion this falls far short of consent by plaintiff to a change of the action to a suit for rescission. On its complaint and evidence and the findings of fact, plaintiff was entitled to damages, either actual or liquidated. The court found the damages as the parties sought by their contract (drawn by defendant) to liquidate them and to limit loss. The defendant has not appealed, and the plaintiff does not complain of this feature of the case. Therefore we do not consider whether the damages contemplated by the contract were such as might be liquidated.

The order of the trial court is reversed and the case remanded with directions to strike from the conclusions of law the requirement that plaintiff return the property, and to direct judgment for the plaintiff as first ordered by the trial court.