## JOAN BLOMBERG, A MINOR, BY HOWARD BLOMBERG, HER FATHER AND NATURAL GUARDIAN, AND ANOTHER v. JAMES W. TSCHIDA, A MINOR, BY LOUIS TSCHIDA, HIS GUARDIAN AD LITEM.

130 N. W. (2d) 237.

July 31, 1964—No. 39,029.

*Quinlivan, Quinlivan & Williams* and *Richard R. Quinlivan,* for appellant.

*G. Harmon Klemme, Rosengren, Rufer, Blatti, Hefte & Pemberton,* and *Gerald S. Rufer,* for respondents.

NELSON, JUSTICE.

Separate suits were commenced by Howard Blomberg, as an individual and as father and natural guardian of Joan Blomberg, a minor, against Louis Tschida, guardian ad litem of James W. Tschida, a minor, for damages incurred as a result of an accident in which Joan Blomberg, a pedestrian, was struck by an automobile driven by James Tschida. A jury found both James Tschida and Joan Blomberg to have been negligent, and judgments for defendant were entered. This appeal is brought by defendant from two orders of the trial court, one dated January 9, 1963, vacating the judgments, and another dated January 17, 1963, vacating the verdicts and the judgments and granting a motion by the plaintiffs for a new trial.

The verdicts were rendered on December 7, 1962, and the trial court automatically stayed the entry of judgment for 30 days. On December 14, the plaintiffs gave notice of an alternative motion for judgment notwithstanding the verdict or for a new trial on the minutes of the court, said motion to be heard on December 28. At the request of defendant's counsel the motions were reset for hearing on January 3, 1963. Defendant's counsel was again unable to appear on January 3, and the hearing was reset at his request for January 8, 1963, which was 2 days after the expiration of the stay of entry of judgment.

The defendant entered judgments pursuant to both verdicts on January 8, before appearing at the hearing on the motion. The record is clear that neither the trial court nor counsel for plaintiffs was aware that judgments had been entered when the motion was being heard. When counsel for plaintiffs learned of the entry of the judgments, he

immediately notified the trial court, which issued the following order on January 9:

"Plaintiffs having moved for judgment notwithstanding the verdict, or for new trial, and the previous stay having expired,

"It Is Ordered that all proceedings herein are stayed pending a ruling by the court on plaintiffs' motions, and any judgment or judgments entered herein are hereby vacated."

On January 17 the trial court ordered a new trial, stating in its memorandum that it was necessary "in the interests of justice" because "(a) the jury's finding of contributory negligence is contrary to the greater weight of the evidence, (b) there was error in the charge in failure to instruct as to the measure of care required of a child, (c) trial was had without the testimony of an adult eyewitness who could not be produced."

The defendant seeks to have this court review the merits of the January 17 order granting a new trial and to that end has appealed from both the January 9 and January 17 orders. Thus the issue presented is whether the merits of the January 17 order are properly before this court by an appeal from either the January 9 order or the January 17 order.

We will first consider the January 9 order. Whether this order is appealable is not in dispute since an order vacating a judgment is an appealable order.[1] The crucial question is whether the appeal from the January 9 order can raise for review the merits of the January 17 order. Obviously it cannot for the reason that the circumstances surrounding the January 9 order make it clear that the trial court's reason for vacating the judgments on January 9 was entirely unrelated to the reasons upon which the order of January 17 was based. In view of the facts already recited, we think it apparent that the trial court's reason for vacating the judgments on January 9 was simply to allow plaintiffs to have their motion ruled upon before entry of the judgments as they would have had there been no delays in hearing the motion or

[1]Morehart v. Furley, 152 Minn. 388, 188 N. W. 1001; People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N. W. 219.

if their counsel had been aware of the expiration of the stay and obtained a further stay. The language of the January 9 order quoted above indicates that this was the reason.

The next issue is whether the merits of the January 17 order are presented for review by an appeal from that order. That, in turn, raises the question of whether the January 17 order is an appealable order.

An order granting a new trial is not an appealable order unless it fulfills the requirements of Minn. St. 1961, § 605.09(4),[2] which allows an appeal—

"* * * from an order granting a new trial if the court expressly states therein, or in a memorandum attached thereto, that the order is based exclusively upon errors of law occurring at the trial, and upon no other ground * * *."

The January 17 order does not satisfy § 605.09(4) because it is partially based upon the insufficiency of the evidence to support a finding of contributory negligence on the part of Joan Blomberg. Insufficiency of the evidence is not an "error of law" within the meaning of the statute.[3]

Defendant contends, however, that the January 17 order is appealable due to what has been termed in Foster v. Herbison Const. Co. 263 Minn. 63, 65, 115 N. W. (2d) 915, 916, "an anomaly in our appellate procedure." Even though an order granting a new trial is not exclusively based upon errors of law, it has been held to be appealable when it is made after entry of judgment and has the effect of vacating the judgment.[4] Defendant's position is that the January

---

[2]Minn. St. 1961, § 605.09(4), was amended by L. 1963, c. 806, § 8, subsequent to the perfection of this appeal. However, the portion pertinent to matters herein was not altered.

[3]Laramie Motors, Inc. v. Larson, 253 Minn. 484, 92 N. W. (2d) 803; Smith v. Illinois Cent. R. Co. 244 Minn. 52, 68 N. W. (2d) 638; Cunningham, *Appealable Orders in Minnesota*, 37 Minn. L. Rev. 309, 343.

[4]See, Foster v. Herbison Const. Co. 263 Minn. 63, 115 N. W. (2d) 915; Brown v. Bertrand, 254 Minn. 175, 94 N. W. (2d) 543; Satter v. Turner, 257 Minn. 145, 100 N. W. (2d) 660; Kjeldergaard v. Gulliford, 260

17 order is appealable because it was made after judgments had been entered and expressly vacated the judgments in addition to granting a new trial.

It is our view that if the January 9 order vacating the judgments had not been made, or if the trial court had erred in making the January 9 order, then defendant's contention might be meritorious. However, that is not the case before us. The January 9 order was made in due course and it does not appear that the trial court erred. Counsel for plaintiffs should have been aware that the stay of entry of the judgments would expire before his motion was heard and he should have attempted to secure a further stay before the judgments were finally entered. Still, we do not think it was error for the trial court, in the exercise of its discretionary power, to relieve plaintiffs of their counsel's inadvertence, if any, under the circumstances.[5]

It is thus our view that the January 17 order did not have the effect of vacating the judgments. The portion of that order which stated that the judgments were vacated was mere surplusage since the January 9 order had already vacated the judgments. After the entry of the January 9 order, it was as if no judgments had ever been entered. The result as we see it is that the January 17 order is not appealable and its merits are not before this court.

The January 9 order vacating the judgments is affirmed; the appeal from the January 17 order granting a new trial is dismissed.

Affirmed in part and dismissed in part.

---

Minn. 234, 109 N. W. (2d) 586; Kruchowski v. St. Paul City Ry. Co. 195 Minn. 537, 263 N. W. 616, 265 N. W. 303, 821; Vasatka v. Matsch, 216 Minn. 530, 13 N. W. (2d) 483; Ayer v. Chicago, M. St. P. & P. R. Co. 189 Minn. 359, 249 N. W. 581.

[5] Rules of Civil Procedure, Rule 60.02, provides in part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * * for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect * * *."