BAIERL, Plaintiff and Appellant, v. HINSHAW and another, Defendants and Respondents: HARTFORD ACCIDENT & INDEMNITY COMPANY, Impleaded Defendant.

*October 31—November 29, 1966.*

For the appellant there were briefs by *Cohen, Parins, Cohen & Grant* of Green Bay, and oral argument by *Robert J. Parins.*

For the respondents there was a brief by *Bradford & Gabert* of Appleton, and oral argument by *Stanley Gabert.*

CURRIE, C. J. While the brief of plaintiff-appellant raises 11 assignments of error, this opinion will be limited to consideration of the following three issues:

(1) Was the form of verdict a proper manner in which to submit the negligence issues to the jury?

(2) Should a new trial be directed, either on the ground of error or in the interest of justice, because of the failure of the trial court to instruct the jury with respect to the alleged failure of defendant to have both headlights on his car operating?

(3) Did the trial court err in the instruction given on the issue of causation?

*Form of Verdict.*

At the end of the first day's testimony the trial court read to the respective attorneys the form of the verdict it later submitted to the jury. The next day, after the taking of testimony was concluded, a copy of the verdict was handed to each of the attorneys prior to argument to the jury. Plaintiff's counsel at no time prior to submission of the case to the jury voiced any objection to the form of the verdict.

This court has repeatedly held that failure of counsel to object to the form of a proposed special verdict before it is submitted to the jury constitutes a waiver of any right thereafter to object to the verdict as submitted.[1] Therefore, the failure of plaintiff's counsel to timely object to the form of the instant verdict precludes plaintiff from raising the issue of the form of the verdict as a matter of right on this appeal. However, because the form of the verdict presents an issue which we deem ought to be decided in the interest of the proper administration of justice, we have concluded to exercise our discretion and decide it.

In 1961 this court, pursuant to its rule-making power, amended sec. 270.27, Stats., entitled "Special Verdicts" by adding thereto these two sentences:

"It shall be discretionary with the court whether to submit such questions in terms of issues of ultimate fact, or to submit separate questions with respect to the component issues which comprise such issues of ultimate fact. In cases founded upon negligence, the court may submit separate questions as to the negligence of each party, and whether such negligence was a cause without submitting separately any particular respect in which the party was allegedly negligent."[2]

Prior to the above amendment it was necessary in a negligence action to submit separate questions concerning each respect in which it was alleged that a party was negligent provided there was credible evidence to support an affirmative answer. For example, it might be necessary to submit separate questions with respect to speed, lookout, management and control, and failure to yield

---

[1] *Leiske v. Baudhuin Yacht Harbor* (1958), 4 Wis. (2d) 188, 193, 89 N. W. (2d) 794; *Swanson v. Maryland Casualty Co.* (1954), 266 Wis. 357, 363, 63 N. W. (2d) 743; *Johnson v. Sipe* (1953), 263 Wis. 191, 198, 56 N. W. (2d) 852; *Nimits v. Motor Transport Co.* (1948), 253 Wis. 362, 364, 34 N. W. (2d) 116.

[2] See 11 Wis. (2d) v, vi. The amendment became effective June 1, 1961.

the right-of-way. The amendment authorized the use of an ultimate-fact verdict which merely inquires, "At and immediately before the collision was defendant John Doe negligent in the operation of his motor vehicle?" followed by a causation question to be answered in the event the negligence question was answered in the affirmative. Similar negligence and causation questions were submitted as to each party whose causal negligence was claimed to have caused the accident if there was evidence warranting such submission. If the negligence of more than one person was in issue the customary comparative-negligence question also had to be submitted.

Wide use of the ultimate-fact type of verdict not only greatly simplified the form of special verdicts submitted in negligence actions but also eliminated the thorny problem of duplicitous findings of negligence which frequently arose to plague both the trial courts and this court.

The instant case has presented a form of special verdict which combines the elements of negligence, causation, and comparison in a single question. This we determine is not permissible under the wording of sec. 270.27, Stats., as amended by this court in 1961. Our determination is amply supported by the history of the 1961 amendment as revealed by the material on file in the records of the clerk of this court.

The 1961 amendment originated in written proposals submitted to this court June 24, 1960, by the Board of Circuit Judges' Committee on Simplification of Special Verdict. Members of the committee were Circuit Judges Arold F. Murphy, Edward M. Duquaine, Bruce F. Beilfuss and Andrew W. Parnell. The proposals in the alternative suggested two amendments to sec. 270.27, Stats. The first proposal was to amend the statute by adding this sentence:

"It shall be discretionary with the court whether to submit such questions in terms of ultimate issues of fact,

or to submit separate questions with respect to the component subsidiary issues of fact which comprise such ultimate issues of fact."

The second proposal was to rewrite sec. 270.27, Stats., to read:

"The court may, in its discretion, direct the jury to find a special verdict. Such verdict shall be prepared by the court in the form of written questions relating to such ultimate facts necessary to support a judgment, or to such additional material facts as in its discretion are necessary for a full and fair determination of the issues presented."

An explanatory note accompanied the proposals in which the committee set forth three examples of special verdicts for use in negligence actions which the committee stated were "within the purview" of the amendment set forth in the first proposal. The first form of verdict was the ultimate-fact form of verdict hereinbefore described which has been widely used since the effective date of the 1961 amendment to sec. 270.27, Stats. The second form of verdict combined negligence and causation into a single question. The third form of verdict was identical to the verdict employed by the trial court in the instant case. In a subsequent memorandum filed by the committee with the judicial council it was explained that this third form of verdict was included in the original proposals to this court "solely for 'analytical and critical purposes.' "

This court referred the proposals to the judicial council for study and report. The court rules committee of the council held a public meeting on the proposals on November 17, 1960, to which the committee of the board of circuit judges was invited, together with the presidents of the county bar associations, the officers of the state bar, and appropriate sections of the state bar, and all other interested persons. The meeting was well attended and sharp differences of opinion were expressed. On

December 16, 1960, the council filed a written report with this court in which it was stated that the council had voted seven to two to recommend rejection of the proposals to amend sec. 270.27, Stats.

This court, in spite of the adverse report of the council, deemed the proposals of sufficient merit to warrant a public hearing thereon. However, some members of the court were not entirely satisfied with the wording of either of the two proposed amendments and drafted three additional proposed amendments. It was decided that the hearing should be held on these as well as the two proposed by the committee of judges. The five proposed amendments (with respect to which a public hearing was noticed on January 18, 1961, and held March 17, 1961), are set forth in the appendix to this opinion. The first amendment set forth is the first of the two alternative amendments proposed by the judges' committee. The proposed amendments labeled, "First Alternative," "Second Alternative," and "Third Alternative" were the three amendments drafted by members of this court. The "Fourth Alternative" was the other amendment proposed by the committee.

The public hearing held before this court on March 17, 1961, was well attended by judges and lawyers. Arguments for and against the four alternative amendments to sec. 270.27, Stats., were presented. Subsequent to the hearing the members of this court carefully considered the amendments and on March 28, 1961, unanimously adopted the amendment labeled in the appendix as "First Alternative" after making slight alterations in its wording, the amendment to become effective June 1, 1961. In reaching this result the court had before it the three forms of suggested verdicts to be used in automobile negligence actions contained in the "Explanatory Note" accompanying the proposals which the committee of circuit judges had submitted to this court on June 24, 1960. This amendment had been drafted with the intent of using

language which would authorize the first of the three listed forms of verdict, and to discountenance the other two. That is why the words "submit separate questions as to the negligence of each party, and whether such negligence was a cause" were employed.

Undoubtedly one of the reasons which prompted this court in making the choice which it did was the fact that a verdict in the form submitted in the instant case would require special instructions over and above those required in submitting the form of verdict having separate negligence and causation questions. It is a trend in the wrong direction to make instructions more difficult to follow and remember.[3] One of the complexities presented in instructing a jury with respect to questions worded as were those in the instant verdict concerns the burden of proof.

While we conclude that the form of verdict herein submitted is not authorized by sec. 270.27, Stats., we hold that it is not against public policy for the parties in a negligence action to stipulate to its use.

In the instant case, while we find it was error to have submitted the form of verdict employed to cover the issues of negligence, causation and the comparison of causal negligence, we would not for this reason alone direct a new trial because of the waiver by plaintiff's counsel.

### Failure to Instruct With Respect to Headlights.

At the time the collision occurred it was dark and had been snowing for some time. The highway which had

---

[3] This objection on the part of Mr. Justice WILKIE and the author of this opinion, speaking individually and not for the court, would be largely obviated if the instructions were sent into the jury room to be considered with a verdict worded as was the instant verdict.

not been plowed was icy and slushy. Plaintiff testified that he guided himself with respect to position on the highway by watching the snowbanks at the side of the road, and the highway shoulder when visible, and by following the tire tracks of vehicles which had preceded him. Plaintiff claims that the left headlight of defendant's car was not lighted when the vehicle approached. This testimony was corroborated by that of Blake, a passenger in plaintiff's car. Defendant was asked whether on his way from Milwaukee to the point of collision he had an opportunity to check his headlights. He answered that when he stopped at a truck stop he had seen the reflection of his headlights on some glass and "they [the headlights] were both reflecting, I believe."

We have a situation where each driver claimed that the other invaded his lane of travel and the jury found both equally causally negligent. While the trial court instructed the jury of the duty to keep a proper lookout, to have the car under proper management and control, to drive on the right side of the highway, and to pass on the right of a vehicle coming from the opposite direction, no instruction was given with respect to the duty of an operator of a motor vehicle to have two operating headlights during periods of darkness.

We are of the opinion that, if a proper instruction had been given with respect to headlights, this may well have tipped the scales so as to cause the jury to apportion more of the negligence against defendant than the plaintiff. Drawing on their own experience, members of the jury would be likely to recall instances when they were misled as to the position of another car on the highway at night due to the other car having but one operative headlight. The absence of a lighted left headlight is more likely to mislead an approaching driver than the absence of a lighted right headlight.

Plaintiff's counsel failed to request an instruction relative to the duty of an operator of a motor vehicle to have

his headlights lighted when driving on a highway during the hours of darkness as required by sec. 347.06 (1), Stats. "Where instructions are incomplete, and do not cover a point that ought to be covered, this court will not reverse for error unless a timely request for appropriate instructions has been made to the trial court." [4] One exception should be noted to this rule and that is where the instructions given are erroneous because of the omission. This, however, is not the case here inasmuch as the instructions given were complete in themselves without any reference to headlights.

The failure to request an instruction on headlights precludes this court from reversing for error. Nevertheless, we feel that justice probably miscarried when the jury found each driver equally causally negligent because of the failure to instruct as to headlights. For this reason we exercise our discretion pursuant to sec. 251.09, Stats., and direct a new trial with respect to the negligence issues.

The trial court in its memorandum decision, in referring to the damage issue raised by defendants-respondents states:

"The defendant's alternative motion for reduction of damages to reasonable amounts would enlist the consideration of the court except that if the verdict is approved the damages become immaterial. The motion would only become material if the verdict is changed so as to establish liability on the part of the defendants for the damages."

In view of this we are remanding the question of whether the new trial should also extend to the issue of

---

[4] *Carson v. Pape* (1961), 15 Wis. (2d) 300, 306, 112 N. W. (2d) 693; *Grinley v. Eau Galle* (1956), 274 Wis. 177, 179, 79 N. W. (2d) 797; *Throm v. Koepke Sand & Gravel Co.* (1952), 260 Wis. 479, 483, 51 N. W. (2d) 49; *Jorgenson v. Hillestad* (1947), 250 Wis. 592, 599, 27 N. W. (2d) 709; and *Madison Trust Co. v. Helleckson* (1934), 216 Wis. 443, 456, 257 N. W. 691.

damages to the trial court to exercise its discretion with respect thereto.

*Instructions on Causation.*

The second paragraph of Wis J I—Civil, Part II, 1500, on cause, reads:

"There may be more than one cause of a collision. The negligence of one person alone might produce it, or the acts or omissions of two or more persons might jointly produce it. Before such relationship of cause and effect can be found to exist, however, it must appear that the negligence under consideration was a substantial factor in producing the collision, that is to say, that it was a factor actually operating and which had substantial effect in producing the collision *as a natural result.*" (Italics supplied.)

The trial court gave this instruction practically verbatim with two exceptions. These two changes occurred after the last comma in the last sentence. The first of these was to insert the word "some" immediately preceding the words "substantial effect." The other was to omit the four italicized words "as a natural result." Plaintiff contends that each of the two changes constituted error. We find such contention devoid of merit.

We can perceive no essential difference in meaning between "some substantial effect" and "substantial effect," especially in view of the context in which the first stated phrase was used in the instant instructions. If a negligent act had some substantial effect in producing a collision it necessarily constituted a cause of the collision.

The omission of the words "as a natural result" far from being error are in our view an improvement in the model instruction. In *Pfeifer v. Standard Gateway Theater, Inc.,*[5] this court held that while foreseeability

---

[5] (1952), 262 Wis. 229, 55 N. W. (2d) 29.

is an element of negligence it has no place in the determination of whether an act found to be negligent is the proximate or "legal cause" of injury or damage sustained by a person other than the actor. In referring to the trial court's instructions it was stated:

"It was also error to charge the jury in the instant case that proximate cause is one which *'produces the injury as a natural and probable result'* of defendant's negligence. The use of the term *'probable result'* carries with it a connotation of foreseeability [which] was distinctly disapproved in the decision in *Osborne v. Montgomery* [(1931), 203 Wis. 223, 234 N. W. 372]. . . ." [6]

Professor Richard V. Campbell in his article, Recent Developments of the Law of Negligence in Wisconsin,[7] in discussing the *Pfeifer* decision, *supra*, states:

"[Before *Pfeifer*] . . . statements in the instructions of the trial judge on 'foreseeability' and *'natural and probable' results* were commonplace. Under the *Pfeifer* case a complete reversal has taken place. It is not only *un*necessary to use these phrases in submitting proximate cause, but it is prejudicial error. This brings the law in action and the law in words together." (Emphasis supplied.) [8]

While "natural result" does not imply foreseeability to the degree that "probable result" does, nevertheless, it may have such a connotation in the minds of some people. For this reason we deem it objectionable though not necessarily prejudicially erroneous. We commend the learned trial judge for omitting the words "as a natural result" from the causation instruction given.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings consistent with this opinion.

[6] Id. at page 235.
[7] 1955 Wisconsin Law Review, 5.
[8] Id. at page 37.

*Appendix.*

State of Wisconsin

In Supreme Court

In the Matter of the Revision of Rules of Pleading, Practice and Procedure in Judicial Proceedings in the Courts of Wisconsin.

### PROPOSED AMENDMENTS.

1. It is proposed that section 270.27 of the Wisconsin Statutes be amended to read as follows:

"270.27. *Special verdicts.* The court may, and when requested by either party, before the introduction of any testimony in his behalf, shall direct the jury to find a special verdict. Such verdict shall be prepared by the court in the form of written questions, relating only to material issues of fact and admitting a direct answer, to which the jury shall make answer in writing. *It shall be discretionary with the court whether to submit such questions in terms of ultimate issues of fact, or to submit separate questions with respect to the component subsidiary issues of fact which comprise such ultimate issues of fact.* The court may also direct the jury, if they render a general verdict, to find upon particular questions of fact."

### ALTERNATIVE PROPOSALS FOR ABOVE.

*First alternative:*

"270.27. *Special verdicts.* The court may, and when requested by either party, before the introduction of any testimony in his behalf, shall direct the jury to find a special verdict. Such verdict shall be prepared by the court in the form of written questions, relating only to material issues of fact and admitting a direct answer, to which the jury shall make answer in writing. *It shall be discretionary with the court whether to submit such questions in terms of ultimate issues of fact, or to submit*

*separate questions with respect to the component subsidiary issues of fact which comprise such ultimate issues of fact. In cases founded upon negligence, the court may, in its discretion, submit separate questions as to the negligence of each party, and whether such negligence was a cause without submitting separately any particular respect in which the party was allegedly negligent.* The court may also direct the jury, if they render a general verdict, to find upon particular questions of fact."

*Second alternative:*

"270.27. *Special verdicts.* The court may, and when requested by either party, before the introduction of any testimony in his behalf, shall direct the jury to find a special verdict. Such verdict shall be prepared by the court in the form of written questions, relating only to material issues of fact and admitting a direct answer, to which the jury shall make answer in writing. *It shall be discretionary with the court whether to submit such questions in terms of ultimate issues of fact, or to submit separate questions with respect to the component subsidiary issues of fact which comprise such ultimate issues of fact. The term 'ultimate issues of fact' shall be construed broadly for the purpose of simplification of special verdicts.* The court may also direct the jury, if they render a general verdict, to find upon particular questions of fact."

*Third alternative:*

"270.27. *Special verdicts.* The court may, and when requested by either party, before the introduction of any testimony in his behalf, shall direct the jury to find a special verdict. Such verdict shall be prepared by the court in the form of written questions, relating only to material issues of fact and admitting a direct answer, to which the jury shall make answer in writing. *It shall be discretionary with the court whether to submit such questions in terms of ultimate issues of fact, or to submit separate questions with respect to the component subsidiary issues of fact which comprise such ultimate issues of fact (e.g. in a case founded upon negligence, the negligence of each party, causation, comparison, and dam-*

*ages)*. The court may also direct the jury, if they render a general verdict, to find upon particular questions of fact."

*Fourth alternative:*

"270.27. *Special verdicts. The court may, in its discretion, direct the jury to find a special verdict. Such verdict shall be prepared by the court in the form of written questions relating to such ultimate facts necessary to support a judgment, or to such additional material facts as in its discretion are necessary for a full and fair determination of the issues presented.*"