114 N.J. Super. 596 (1971)
277 A.2d 888
AARON SURKIS, AN INFANT, BY HIS GUARDIAN AD LITEM, DOROTHY F. SURKIS, AND DOROTHY F. SURKIS, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS,
v.
JUNE STRELECKI, DIRECTOR OF THE DIVISION OF MOTOR VEHICLES, ETC., DEFENDANT-RESPONDENT, AND PETER SZEWZEK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 29, 1971.
Decided May 26, 1971.
*597 Before Judges GOLDMANN, LEONARD and FRITZ.
Mr. Henry H. Rubenson argued the cause for appellant.
Mr. John V. Burns argued the cause for respondents Aaron Surkis, et als.
Mr. Thomas J. Kapsak argued the cause for respondent June Strelecki (Messrs. Seiffert, Frisch & Gruber, attorneys).
The opinion was delivered by LEONARD, J.A.D.
In this automobile negligence personal injury case defendant Peter Szewzek appeals from the entry of a judgment n.o.v. against him.
The infant plaintiff, by his mother as guardian ad litem, and the mother individually, brought an action against defendant *598 June Strelecki, then Director of the Division of Motor Vehicles (Director) and defendant Peter Szewzek. The basis of the action was the allegation that on December 12, 1967 the infant plaintiff, while crossing Amboy Avenue at its intersection with Lawrence Street, Perth Amboy, was struck by an automobile traveling north on Amboy Avenue.
Plaintiffs first alleged that the automobile involved was owned and operated by an unknown person or persons (thus, pursuant to N.J.S.A. 39:6-78, the Director was sued on one count) and, alternatively, that Szewzek was the owner and operator thereof. Both defendants denied negligence and asserted contributory negligence. Additionally, Szewzek denied that he was operating the vehicle which struck the infant at the specified time and place. To the contrary, the Director asserted that Szewzek was the driver and the action was improperly brought against her.
Trial was held on December 1 and 2, 1969. The jury returned a verdict against the Director in the sum of $18,000 in favor of the infant and $4000 in favor of the mother individually, and found a no cause of action in favor of Szewzek. Judgment was entered on December 5, 1969.
On December 12, 1969 the Director moved for a new trial on the ground that the verdict constituted a manifest denial of justice. This motion was argued on January 9, 1970 and was denied by the court. No formal order was entered. On February 6 the Director filed an amended motion for judgment or, in the alternative, for a new trial upon the same grounds as she had previously argued. This motion was argued on February 13, 1970.
The trial judge found that the jury verdict was against the weight of the evidence in only one respect  who was operating the vehicle which struck plaintiff? He found that he could separate the jury's finding on this issue from its finding as to negligence of the driver, lack of contributory negligence and damages. Accordingly, he ordered a new trial solely on the issue of whether the vehicle at the time of the accident was operated by an unknown person or by Szewzek. *599 The judge specifically noted that he was not disturbing the verdict as to negligence of the driver, contributory negligence and damages. Again, no formal order was signed.
On March 5, 1970 Szewzek's present counsel, who had been substituted for trial counsel, moved for leave to reargue the previous motions and to fix the order on said motions. Following reargument the court, by order dated March 31, 1970, set aside the verdicts against the Director and in favor of Szewzek as being against the weight of the evidence and a manifest denial of justice, and entered judgment against Szewzek notwithstanding the verdict. The amounts originally awarded by the jury were not disturbed. On this appeal Szewzek contends that the court erroneously entered the judgment (against him) notwithstanding the verdict of the jury. We agree.
The procedure for the entering of judgments notwithstanding a verdict (n.o.v.) is found in R. 4:40-1 and R. 4:40-2(a), (b) and (c) (formerly R.R. 4:51-1 and 4:51-2 (a) to (e)). R. 4:40-1 contemplates that a motion for judgment be made "either at the close of all evidence or at the close of the evidence offered by an opponent." R. 4:40-2(a) authorizes the court to reserve decision on such a motion "made at the close of all evidence," submit the case to the jury and within ten days after the verdict to decide the motion and enter judgment (n.o.v.) in accordance with the motion. Under (b), if the motion for judgment is denied and the case submitted to the jury, counsel may renew the motion within ten days after the verdict as a motion for a judgment n.o.v.
In the instant case neither the Director nor any other party moved for a judgment at the "close of all evidence" or at the "close of the evidence offered by an opponent" or at any other point in the trial. As noted above, she first moved for a judgment n.o.v. some two months following trial and the entry of a judgment against her.
In Poland v. Parsekian, 81 N.J. Super. 395, 401 (App. Div. 1963), certif. den. 41 N.J. 520 (1954), this court, *600 "in the interest of orderly practice and with a view to what we deem to be the purpose of R.R. 4:51-2," pointed out that
* * * The rule, which is modeled after Rule 50 of the Federal Rules of Civil Procedure, was designed to permit the trial court to submit a case to the jury for factual determination where a motion properly made at the close of the entire case raised complex questions dealing with the legal sufficiency of the proofs offered by one of the parties. The objective in view was to grant repose to the controversy if the jury decided the case in the movant's favor or, alternatively, if the jury found against the movant, to permit the trial judge upon further reflection to decide the legal question involved. If the trial court then decided the motion for judgment n.o.v. in favor of the movant, and on appeal this was found to have been in error, the jury verdict would be reinstated and the parties saved the expense of the second trial which would have ensued had the case erroneously been taken from the jury.
In adopting R.R. 4:51-2 the rule makers expressly required, as a condition precedent to its operation, a motion made at the close of the entire case and a reservation of decision thereon. Ordinarily, absent a motion for dismissal at the close of a case, a party is presumed to have waived his right to a judicial determination of the legal sufficiency of his adversary's claim. A legal point is not saved for review if the trial court is not, on proper motion, informed of the course the movant desires the court to take. We can see no reason why the rule should be otherwise in the present situation, particularly in view of the emphasis which the rule itself places upon the making of a motion at the close of all the evidence. * * * (Emphasis added)
Thus, in the instant case we are of the view that the Director was without standing to move, belatedly as she did, for judgment n.o.v. Therefore, the trial court should not have entered such a judgment against defendant Szewzek.
The Director contends that assuming that R. 4:40-1 and R. 4:40-2 mandates the making of a motion for judgment at the close of all the evidence as a prerequisite to a motion for a judgment n.o.v., such requirement should be relaxed or dispensed with, in the instant case, pursuant to R. 1:1-2, in order to prevent "an injustice" from resulting. This contention and argument lack merit. We believe that the granting of a new trial, limited as hereinafter indicated, will result in full justice to all parties. Thus, we will not disturb the "orderly practice" commanded by these two rules. *601 Additionally, the ten-day time limitation contained in R. 4:40-2 cannot be enlarged by "the parties nor the court." R. 1:3-4. Therefore, the Director's motion for a judgment n.o.v., first made some two months following the verdict, was improperly considered by the court. For these reasons, we reverse.
On February 13, 1970 the trial judge apparently ordered a new trial limited to the sole issue of the identity of the driver of the automobile that hit plaintiff, he being of the opinion that the issues of negligence, contributory negligence and damages were properly decided by the jury. This result was a just one and the trial judge should not have altered it thereafter. The record fully supports the jury verdict as to negligence, lack of contributory negligence and damages. On the other hand, the verdicts against the Director and in favor of Szewzek, apparently grounded upon the finding that the latter was not driving the automobile at the critical time, constituted a manifest denial of justice under the law. Accordingly, these portions of the verdicts are set aside and a new trial is hereby granted, Dolson v. Anastasia, 55 N.J. 2 (1969); R. 4:49-1(a), limited to the single factual issue of whether the automobile that hit plaintiff was being operated at the time by Szewzek or by an unknown driver. See Greenberg v. Stanley, 30 N.J. 485, 507 (1959); Tabor v. O'Grady, 61 N.J. Super. 446, 453 (App. Div. 1960); R. 4:49-1(a).
At the retrial, the court should require the jury to return only a special verdict in the form of a written finding as to whether the automobile at the time of the accident was operated by an unknown driver or by defendant Szewzek. R. 4:39-1. The court, in accordance with the jury's finding, should then enter a general verdict against the appropriate defendant and in favor of the infant plaintiff by his guardian ad litem in the sum of $18,000, and in favor of his mother individually in the sum of $4,000, both with costs.
Reversed and remanded in accordance herewith. No costs on this appeal.