161 N.J. Super. 515 (1978)
391 A.2d 1271
SHARON WARSHANY AND ROBERT WARSHANY, HER HUSBAND, PLAINTIFFS,
v.
SUPERMARKETS GENERAL, CORP., DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided July 20, 1978.
*516 Mr. Richard J. Levinson for plaintiffs (Messrs. Levinson, Conover and Axelrod, attorneys).
Mr. Edward J. DePascale for defendant (Messrs. Lamb, Hutchinson, Chappell, Ryan & Hartung, attorneys).
KEEFE, J.D.R.C. (temporarily assigned).
The issue to be resolved herein is the proper function of the trial judge *517 in supervising a jury's apportionment of negligence under the Comparative Negligence Statute. N.J.S.A. 2A:15-5.1 et seq.
Plaintiff Sharon Warshany was injured on August 22, 1976 as a result of a fall while shopping at the Pathmark Supermarket operated in Hopelawn, New Jersey, by defendant Supermarkets General Corporation. Plaintiff sued for injuries sustained, and her husband Robert sued per quod.
The following facts were elicited at trial. Plaintiff and her husband were present on the store premises for the purpose of grocery shopping. They proceeded through the aisles of the supermarket, selecting items from the shelves, and placing them into a cart which plaintiff was pushing. Mrs. Warshany and her husband turned into one of the aisles, noting a Pathmark employee standing with a mop in his hand at the head of the aisle where they entered. They proceeded past the employee and continued approximately 30 feet into the aisle beyond him. Plaintiff testified that the accident occurred at this point when she slipped and fell on a clear substance which was later identified as baby food. Plaintiff further testified that she had reached for a box of cereal when the fall occurred. She described the accident as occurring very quickly, stating that both feet slid out from under her and that she fell to a sitting position. Both she and her husband testified that prior to the accident they were unaware of any foreign substances on the floor.
The accident report, completed by defendant's customer service manager and partially read into evidence, indicated that plaintiff fell in the baby food aisle at about 7:20 P.M. while clean-up of "breakage" was being attended to by a porter. The jury was also apprised of the fact that another customer had fallen in the same aisle at about 7:15 P.M.
The judge reserved on plaintiff's motions for a directed verdict on the issue of defendant's liability and to strike the claim as to her negligence, made at the conclusion of the testimony, and submitted the factual issues to the jury. In *518 response to written interrogatories the jury found negligence on the part of defendant as well as negligence on the part of plaintiff, and apportioned the causal negligence equally between the parties, i.e., 50-50.
After return of the verdict plaintiff renewed her motions made at the conclusion of testimony and requested the judge to set aside the jury's finding that plaintiff was contributory negligent and further requested the judge to either enter judgment against defendant for 100% of any verdict awarded by a subsequent jury or to reapportion the percentage of negligence between the parties. In the alternative, plaintiff moved for a new trial as to all issues. Following oral argument the judge requested counsel to supply supplementary briefs addressing the issue of the propriety of the jury's apportionment of negligence.
The court is convinced that there were sufficient facts on the record to warrant the submission of the issue of the plaintiff's contributory negligence to the jury and to sustain its findings in that regard, particularly in view of the Appellate Division's decision in Krackomberger v. Vornado, Inc., 119 N.J. Super. 380 (App. Div. 1972). In that case, plaintiff slipped on a clear plastic dress cover which she had not previously observed, while walking through an aisle in defendant's department store. The trial judge refused to charge that plaintiff had a right to assume that the floor in defendant's store was free from obstruction as she walked down the aisle, which right existed until she was aware or should have been aware of the hazard that caused her to fall. That refusal was held to constitute error for which plaintiff was entitled to a new trial. The court noted that plaintiff's contributory negligence could only have been premised on a failure to observe the condition of the floor immediately prior to the accident. However, the court concluded that the question of the reasonableness of plaintiff's conduct in proceeding as she did under the circumstances was a question of fact, and therefore granted a new trial on both the issues of negligence and contributory negligence. *519 Cf. Bates v. Valley Fair Enterprises, Inc., 86 N.J. Super. 1 (App. Div. 1964). In the case at bar plaintiff had a duty, corresponding to defendant's duty to keep the premises in a reasonably safe condition, to exercise reasonable care for her own safety. Whether the employee with the mop was sufficient enough warning to her of the possibility of a dangerous condition, and whether she proceeded reasonably under all the circumstances, presented significant questions of fact for resolution by the jury.
While the court is satisfied that the issue of contributory negligence was properly before the jury, it is troubled by the degree of negligence apportioned to each party. In light of the qualitative difference between the causal negligence which could possibly be attributed to defendant and that which could be attributed to plaintiff, under any reasonable view of the facts, the court is convinced that a miscarriage of justice resulted from the apportionment arrived at by the jury. R. 4:49-1(a). The nature of plaintiff's negligence in failing to understand the significance of the employee with mop in hand and then to proceed accordingly seems hardly equivalent to the quality of the conduct of defendant in breaching its duty to plaintiff as a business invitee. The facts adduced at trial indicated that defendant was aware of the breakage some 15 to 20 minutes before plaintiff's accident. Defendant further knew that just five minutes prior to plaintiff's fall another customer had fallen in the same aisle. Further, defendant in its accident report acknowledged that the accident was caused by an "unsafe condition in the store," and described that condition as a baby food which was in the process of being cleaned up.
The court is cognizant of the fact that great deference is generally afforded to jury verdicts in our law, Baxter v. Fairmont Food Co., 74 N.J. 588 (1977), and of the fact that it cannot ordinarily set aside a jury verdict simply because it would have reached a contrary result had it been the sole trier of fact. Dolson v. Anastasia, 55 N.J. 2 (1969). However, where, as here, the jury's apportionment *520 is so clearly against the weight of the evidence, the court feels that there should be some method of intervention available to it to afford the party prejudiced thereby some degree of relief.
Counsel for plaintiff herein has requested several alternative forms of relief. First, it has been suggested that the court take the apportionment question entirely away from the jury and itself determine a reasonable apportionment of negligence, similar to the procedure available to the court by way of additur in review of a damage award. The court finds no convincing authority and no merit to such a drastic usurpation of the province of the jury. Such an attempt by the trial court to set the percentage of negligence attributable to parties has been rejected elsewhere as beyond the trial court's discretion. Britton v. Hoyt, 63 Wis. 2d 688, 218 N.W.2d 274 (Sup. Ct. 1974).
Secondly, the court could grant plaintiff's motion for a new trial pursuant to R. 4:49 as to all issues in the case. While granting a motion for new trial seems proper under the facts of this case and the applicable standard, the court is hesitant to resubmit the issues of negligence and contributory negligence to a second jury. Since, as pointed out before, there were sufficient facts presented in this regard, and reasonable minds could differ as to the inferences to be drawn therefrom, the court is inclined to let the jury's determination both as to negligence and as to contributory negligence stand. It is well settled that a new trial should be limited, where practicable, to only one of several issues where the issue is readily separable and the error does not taint the entire verdict. Surkis v. Strelecki, 114 N.J. Super. 596 (App. Div. 1971).
In the case of Corridon v. Bayonne, 129 N.J. Super. 393 (App. Div. 1974), a new trial was granted as to less than all defendants with the court stating:
Where the issue requiring reversal is fairly separable from the other issues involved in the matter, and where, as here, the best interests of justice will be served by granting a partial new trial, *521 we may set aside only so much of the judgment as is infected by the error and preserve the balance. [at 398]
The ultimate issue to be decided then is whether causal negligence and apportionment are "fairly separable" in the concept of comparative negligence law.
Since this issue presents a novel question under New Jersey law, a review of the treatment of this question in other jurisdictions will be instructive. Of particular relevance in this area are Wisconsin precedents, since it has been held that New Jersey's adoption of the Wisconsin comparative negligence statute included that state's judicial interpretations. Rawson v. Lohsen, 145 N.J. Super. 71 (Law Div. 1976).
The Wisconsin Supreme Court has generally held that the comparison of negligence is ordinarily within the province of the jury. Johnson v. Sipe, 263 Wis. 191, 56 N.W.2d 852 (1953). Lautenschlager v. Hamburg, 41 Wis.2d 623, 165 N.W.2d 129 (1969). However, the court has granted new trials in the interest of justice when in its opinion the division is grossly disproportionate in light of the evidence. Korleski v. Lane, 10 Wis.2d 163, 102 N.W.2d 234 (1960). In applying principle, the court must be convinced that there has been a probable miscarriage of justice in viewing the case as a whole, Lock v. State, 31 Wis.2d 110, 142 N.W.2d 183 (1966), and that the new trial would probably effect a different result. Lorenz v. Wolff, 45 Wis.2d 407, 173 N.W.2d 129 (1970). Such a new trial has, on occasion, been limited solely to the issue of apportionment of negligence. Caldwell v. Piggly-Wiggly Madison Co., 32 Wis.2d 447, 145 N.W.2d 745 (1966). On retrial, the jury's finding of causal negligence stands, but the parties are permitted to introduce any evidence relevant to a determination of apportionment. Firkus v. Rombalski, 25 Wis.2d 352, 130 N.W.2d 835 (1964).
In Caldwell, supra, the jury apportioned 5% negligence to the plaintiff, 70% to one defendant and 25% to the other defendant. The court concluded that a fair reading *522 of the record would lead to the inevitable conclusion that a finding of almost triple negligence on the part of one joint tortfeasor where both breached similar duties to plaintiff, constituted a probable miscarriage of justice, and the court ordered a retrial only as to the apportionment of negligence as between codefendants.
This court is aware of the fact that Minnesota, which has a comparative negligence statute similar to this State and to the State of Wisconsin, appears to adopt a different view. In the case of Juvland v. Mattson, 289 Minn. 365, 184 N.W.2d 423 (1971), the Supreme Court of Minnesota was asked to consider the question of whether on a new trial a jury should be asked to consider only the apportionment of negligence between the two drivers involved in an automobile accident. The court distinguished the Wisconsin cases previously cited herein, indicating that those cases stand for the proposition that in Wisconsin the court on remand is required to try the general issue of liability in order to determine as a practical matter the particular respect in which each party is causally negligent before a comparison of fault can feasibly be accomplished. Justice Rogosheske, writing for the court said:
While it may be conceivable that a trial court could limit the retrial of the issue of apportionment of the negligence in a case where the special questions submitted in the former trial determined each respect in which the tortfeasors were alleged to be negligent, a limited retrial without the risk of prejudice to one or [to] the other of the parties is not feasible where the question submitted related to the ultimate fact of causal negligence. [184 N.W.2d at 425]
This court disagrees with the analysis of the Minnesota court. Although the verdict of the jury in the case in question is expressed in terms of an ultimate finding of negligence as to each party, the basis for the jury's determination on the issue of causal negligence can be easily ascertained by both reviewing the evidence and the court's charge based upon that evidence. Under the facts in this *523 case there was clearly no need to have the jury render a special verdict in order to understand the basis for an apportionment of causal negligence. See Pressler, Current N.J. Court Rules, Comment to R. 4:39-1. Clearly, the Wisconsin approach achieves the fairest results to the parties and also infringes less on the province of a jury in determining the outcome of a case. For example, in the present case the court feels that a new trial is mandated solely because there was a manifest denial of justice only as to the apportionment of negligence, but if the court requires another jury to consider both the issues of general liability and apportionment, such a jury could conceivably conclude either that plaintiff was not negligent or that defendant was not negligent. Either such resolution would not be addressing the injustice which this court finds in the prior verdict. Obviously such a verdict in the retrial would then work an injustice to either the plaintiff or the defendant. It seems clear that the policy of the New Jersey decisional law is to preserve so much of a jury verdict as can be supported by the evidence and retry only those issues which constitute error and which can be readily separable from the entire case. Surkis v. Strelecki, supra. Moreover, it does not appear to matter that the same facts will have to be proved again in the new trial. Corridon v. Bayonne, supra. See also Mickens v. Marascio, 58 N.J. 569 (1971), and Pappas v. Santiago, 66 N.J. 140 (1974).
Therefore, plaintiff's motion for a new trial is granted with the new trial to be limited solely to the issue of the apportionment of negligence attributable to each party. In the retrial of the case the jury will be instructed that the negligence of both parties has been determined and the parties will be permitted to introduce any evidence relevant to the issue of apportionment which may include, but need not be limited to, the same testimony that was heard at the earlier trial.