191 N.J. Super. 109 (1983)
465 A.2d 577
MICHAEL BISHOP AND JOYCE BISHOP, HUSBAND AND WIFE, PLAINTIFFS,
v.
MARYANN HARSKI AND TADEUSZ HARSKI, DEFENDANTS.
Superior Court of New Jersey, Law Division Camden County.
Decided May 13, 1983.
*110 Michael A. Kaplan for plaintiffs (Tomar, Parks, Seliger, Simonoff & Adourian, attorneys).
Robert M. Kaplan for defendants (Yampell & Cosentino, attorneys).
ROSSETTI, J.S.C.
This case presents the novel question of whether the concept of additur/remittitur may be employed by a trial court on a motion for new trial following the liability verdict in a jurisdiction where liability and damages are routinely bifurcated.
*111 Plaintiff stopped at a red light at a right angle intersection. When the light turned green, plaintiff proceeded for approximately 200 feet, at which time the vehicle in front of plaintiff signaled a left turn and stopped. Plaintiff stopped his automobile behind the left turning vehicle and within a matter of seconds was hit in the rear by the defendant's vehicle.
Defendant testified that she stopped for the red light at the intersection. When the light turned green, she paused for cars in front of her turning right onto the intersecting street. Thereafter, she proceeded five to six car lengths past the intersection and the accident occurred. Defendant indicated that she did not see the plaintiff's car until moments before the accident occurred. Defendant stated that she never saw plaintiff's brake lights. Moreover, defendant thought that plaintiff's car was still moving.
The jury returned a verdict finding both plaintiff and defendant equally negligent. (50/50).
Plaintiff has brought this motion for a new trial or in the alternative for a judgment notwithstanding the verdict. This court has concluded that the technique of additur should be applied to the jury's findings in this matter.

I
The concept of additur/remittitur has its roots in a decision in Fisch v. Manger, 24 N.J. 66 (1957). It was argued in the Fisch case, as it has been argued here, that the trial court had no "... legal power whatever to condition the grant of a new trial upon the defendant's failure to consent to a prescribed increase in the verdict." (Id. at 71). This argument was rejected by the Fisch Court. In Fisch, the court after a thorough historical review of the principles involved upheld the constitutionality of additur and remittitur. The court held that they serve "... the laudable purpose of avoiding a further trial where substantial justice may be attained on the basis of the original trial." (at 80). Furthermore, the court in Fisch indicated the wisdom of remittitur *112 and additur "... as enlightened aids in securing substantial justice between the parties without the burdensome costs, delays and harassments of new trials." (Id. at 72).
It is clear that the court has the authority to modify a damage verdict. (see Baxter v. Fairmont Food Co., 74 N.J. 588 (1977)). However,
"... (A) trial judge should not interfere with the quantum of damages assessed by a jury unless it is so disproportionate to the injury and resulting disability shown as to shock his conscience and to convince him that to sustain the award would be manifestly unjust. (Baxter v. Fairmont Food Co., 74 N.J. 588, 596 (1977).

See, also, Sweeney v. Pruyne, 67 N.J. 314, 315 (1975); Dolson v. Anastasia, 55 N.J. 2, 7 (1969). But a court should not hesitate to modify a verdict which is unsupported by credible evidence, overlooks or underevaluates crucial evidence, see State v. Johnson, 42 N.J. 146, 162 (1964), or otherwise shocks the conscience. See Taweel v. Starn's Supermarket, 58 N.J. 227, 236 (1971); Trentacost v. Brussel, 164 N.J. Super. 9, 18 (App.Div. 1978), aff'd, 82 N.J. 214 (1980)." Law v. Newark Bd. of Ed., 175 N.J. Super. 26, 37-38 (App.Div. 1980).
Defendant argues correctly that the device of additur has never been employed in a comparative negligence liability verdict. This court has reviewed the opinion in Warshany v. Supermarkets General Corp., 161 N.J. Super. 515 (Law Div. 1978) and the opinion of the Supreme Court of Wisconsin in Britton v. Hoyt, 63 Wis.2d 688, 218 N.W.2d 274 (1974) which stated that the trial court has no authority to reallocate the liability award of a jury through the device of additur. Warshany, supra, at 520. This court believes the logic and reasoning of additur applies with equal force to a liability verdict and is not persuaded by the rule of law enunciated in these cases.
Bifurcation of liability and damage trials is a recent creature of judicial design and the decisions dealing with additur did not envision a bifurcated situation. Therefore, the prior case law should not be read as precedent for the proposition that additur will not be permitted in a bifurcated liability verdict. (see Epstein v. Grand Union Co., 43 N.J. 251 (1964), Moran v. Feitis, 69 N.J. Super. 531 (App.Div. 1961), certif. den. 36 N.J. 299 (1962).
*113 It is equally desirable that "substantial justice" between the parties, Fisch, supra, 24 N.J. at 80 be obtained by the court in connection with a liability verdict. It would be inconsistent to limit additur exclusively to the damage aspect of a trial and deny it to a liability verdict. In both situations the techniques present the court with an opportunity to prevent the burdensome "costs", "delays" and "harassments", Fisch, supra, 24 N.J. at 72, of a retrial in a case that has clearly "shocked the court's conscience." Law, supra, at 38 The reexamination by a trial court of the numerous factors inherent in a jury determination of damages is no less speculative than permitting a court to reapportion negligence percentages in a bifurcated trial. If the trial court has the ability to reevaluate the very delicate admeasurement of pain and suffering damages, then clearly that same court is competent to reevaluate a comparative liability determination.

II
This case involved a rear end collision. Defendant testified further that plaintiff jumped out of his car with both fists flying and frightened her. She indicated that she returned to her car, locked the doors and raised the windows for self-protection until he calmed down. Additionally, defendant's counsel asked a witness, a police officer, whether or not he had issued a traffic summons to either party. The officer responded that he had not. After objection, the Court instructed the jury concerning the irrelevance of that question and answer. Perhaps these objectionable facts affected the jury's intelligent non-prejudicial evaluation of the relative negligence of these parties.
On the other hand, there was some minimal basis for a finding of negligence on the part of plaintiff. There was a possible factual inference that defendant did not see plaintiff's brake lights because his brake lights were not functional or because he may have stopped suddenly. After a thorough review of all these factors, together with all the other evidence in this case, *114 the conscience of this court was shocked by the 50/50 liability verdict and justifies the court in reallocating that verdict. Thus this court enters an order denying a new trial on condition that defendant accept this court's reallocation of negligence 80% against defendant and 20% against plaintiff.
This order may "save the trouble and expense of a new trial" and "give both parties the benefit of a prompt determination of the litigation without the necessity for the delay as well as the expense entailed by an appeal." Keeley v. Big W Discount Supermarkets, Inc., 113 N.J. Super. 157, 160 (App.Div. 1971).
There is no injustice in such an order because defendant who believes the additur is unfair may reject it and proceed with a new trial on all issues. Clearly, a court may order a retrial. (R. 4:49-1). Whereas, defendant who finds it palatable may accept the reallocation of negligence and thereby eliminate a retrial.