ALEXANDER SCHWARTZ, PLAINTIFF-APPELLANT, v. NORTH JERSEY BUILDING CONTRACTORS CORP., DEFENDANT-RESPONDENT, AND STEPHEN ZULKA, JOSEPH GOODHARDT, T/A GOODHARDT'S GULF SERVICE STATION, GULF OIL CORPORATION, PENNSYLVANIA CORP., AND TREMARCA CORPORATION, DEFENDANTS.

Argued May 7, 1962—Decided June 29, 1962.

*Mr. Seymour Margulies* of *Messrs. Levy, Lemken & Margulies,* argued the cause for the plaintiff-appellant (*Mr. Herbert Winokur,* attorney; *Mr. Seymour Margulies,* on the brief).

*Mr. James P. Beggans* argued the cause for the defendant-respondent, North Jersey Building Contractors Corp. and defendant, Stephen Zulka (*Messrs. Beggans and Keale,* attorneys; *Mr. Robert E. Tarleton,* on the brief).

The opinion of the court was delivered

PER CURIAM. The plaintiff sued to recover damages for personal injuries sustained while working on a building which was under construction. All of the original defendants except Stephen Zulka, the carpentry subcontractor, and North Jersey Building Contractors Corp. (North Jersey),

the general contractor, were voluntarily dismissed prior to the trial. The evidence at the trial showed that while performing his work as a roofer, the plaintiff tripped over an exposed nail on the roof, fell to the ground and was seriously injured. He sought to prove that Zulka negligently left the nail protruding through the roof and that North Jersey inspected and cleaned the roof after Zulka completed his work, but negligently failed to discover the nail. The jury returned a verdict of no cause of action in favor of Zulka and awarded the plaintiff a verdict of $17,500 against North Jersey.

The plaintiff moved for a new trial on the sole ground the verdict was inadequate and North Jersey moved for a judgment notwithstanding the verdict. The trial court granted plaintiff a new trial as to damages only unless North Jersey agreed to an *additur* increasing the verdict to $30,000, and denied North Jersey's motion. The Appellate Division granted North Jersey leave to appeal. The plaintiff did not cross-appeal as to Zulka's verdict and North Jersey did not notify Zulka of its appeal.

The Appellate Division, in reply to the various contentions raised by North Jersey on its appeal, found: There was sufficient evidence to sustain the jury's conclusion that North Jersey was negligent; and there was no inconsistency in holding North Jersey liable while exculpating Zulka. However, the Appellate Division found the verdict was a result of a compromise by the jury of plaintiff's damages and North Jersey's liability. Accordingly, it held the trial court mistakenly exercised its discretion in limiting the new trial to damages and therefore granted a new trial between the plaintiff and North Jersey on all issues. 70 *N. J. Super.* 256 (*App. Div.* 1961). Thus the Appellate Division ordered a result which neither party affirmatively sought. Thereafter, the plaintiff moved for a "specific mandate" from the Appellate Division remanding the action for a new trial not only against North Jersey but also against Zulka. That court denied plaintiff's motion.

While the above motion for a "specific mandate" was pending, the plaintiff petitioned this court for certification. After the motion was denied we granted the petition, 36 *N. J.* 295 (1962), with directions:

"1. To give notice to Zulka of this review with leave to Zulka to file a brief; and

2. The parties to brief and argue the question [whether a defendant may have a new trial on all issues when he fails to give notice of appeal to a codefendant]."

We agree with the Appellate Division that a new trial limited to damages only was not warranted. A new trial upon all issues was an appropriate course but the very thesis of compromise upon liability includes a real possibility that the codefendant may have been absolved in the same process of reaching a compromise result. Hence when a party seeks a new trial upon all issues he should give notice to all other parties whose interests may be implicated on the application. Here, no one took timely steps to continue Zulka in the controversy.

Plaintiff seeks to attribute fault in this regard to North Jersey. But North Jersey did not move for a new trial upon all issues. Rather it sought the entry of a judgment notwithstanding the verdict, and with respect to plaintiff's motion, it simply opposed a new trial upon damages only, contending such relief was inappropriate because at the worst the verdict was the product of compromise upon liability. Hence we see no failure on its part. Rather, if plaintiff in fact wanted a new trial upon all issues and as to all parties if it could not obtain one upon damages only, it was incumbent upon him to move alternately for that relief and to give timely notice to Zulka of that application.

Upon North Jersey's appeal from the order for a new trial limited to damages, the issue was whether that order should be reversed, leaving the jury's verdict intact. Upon a finding that the order was erroneous because of a com-

promise upon liability, the Appellate Division could properly accord plaintiff the option of accepting a new trial upon all issues as to North Jersey alone, but it could not compel that result. As we have said, North Jersey had not moved affirmatively for that result before the trial court. Hence, the judgment of the Appellate Division must be modified to provide that plaintiff may elect within 15 days after our mandate to accept a new trial upon all issues as to North Jersey alone, and that if it does not so elect the judgment upon the jury's verdict is affirmed.

This case, and others which have reached us, point up the importance of giving notice to exonerated defendants of any application or appeal which may lead to a new trial in circumstances in which justice is better served by retrying the case as to all parties. The moving or appealing party should consider the desirability of that course and since no inflexible rule can be stated as to where the ultimate responsibility will be in that regard, the respondent on the motion or appeal should not hesitate to give notice to exonerated parties if he believes relief, if granted, should involve a retrial as to all parties.

The judgment of the Appellate Division is modified accordingly. No costs.

*For modification*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*Opposed*—None.