MICKEY PAPPAS, PLAINTIFF-RESPONDENT, v. WALTER SANTIAGO, DEFENDANT-RESPONDENT, AND ROSE V. PALMIERI, DEFENDANT-APPELLANT.

PATRICIA SCOTT AND JAMES SCOTT, HER HUSBAND, PLAINTIFFS-RESPONDENTS, v. WALTER SANTIAGO, DEFENDANT-RESPONDENT, AND ROSE V. PALMIERI, DEFENDANT-APPELLANT.

Argued October 7, 1974—Decided December 4, 1974.

*Mr. Kent A. Losche* argued the cause for defendant-appellant (*Messrs. Gilady & Harwood,* attorneys).

*Mr. Robert J. Maloof* argued the cause for defendant-respondent (*Messrs. Hein, Smith & Berezin,* attorneys).

*Mr. Seymour Goldstaub* argued the cause for plaintiff-respondent Mickey Pappas (*Mr. Joseph M. Goldstein,* attorney).

The opinion of the Court was delivered by

SULLIVAN, J. This case grows out of a two-car collision which occurred at 3:11 A.M. on May 27, 1970 at the intersection of Bergenline Avenue and Ninth Street in Union City. One of the vehicles was proceeding south on Bergenline Avenue, a one-way southbound street, and was being driven by Walter Santiago who had Patricia Scott as a passenger in his car. The other vehicle was proceeding west on Ninth Street, a one-way westbound street, and was being driven by Rose Palmieri who had Mickey Pappas as a passenger in her car.

As a result of the accident Patricia Scott and her husband James Scott filed suit against the operator and owner of each vehicle. Pappas brought a similar suit. Cross-claims for contribution under the Joint Tortfeasors' Contribution Law, *N. J. S. A.* 2A:53A-1 *et seq.*, were filed by defendants in each case. The two suits were consolidated and the issues of liability and damages severed for separate trial. *R.* 4:38-2.

At the trial of the liability issue, the trial court submitted the following questions to the jury:[1]

1. Was the defendant Rose V. Palmieri negligent?
2. If so, was her negligence a proximate cause of the accident?
3. Was the defendant Walter Santiago negligent?
4. If so, was his negligence a proximate cause of the accident?

The jury answered questions 1, 3 and 4 "yes," but answered question 2 "no." Based on the jury verdict the trial court entered a judgment of liability against Santiago and dismissed the complaints and cross-claims for contribution against Mrs. Palmieri. Santiago's motion for judgment n.o.v. or for a new trial was denied. The issue of damages was then tried against Santiago as the sole defendant and verdicts returned of $4,000 in favor of Pappas, $5,560 in

---

[1] During the trial on liability the owners of the two vehicles were granted judgments of involuntary dismissal.

favor of Patricia Scott and $2,000 in favor of her husband James Scott.

Santiago appealed to the Appellate Division challenging only that part of the judgment which dismissed his cross-claims against Mrs. Palmieri for contribution.

The Appellate Division held, in an unreported opinion, that the jury determination that even though both drivers were negligent, the negligence of Mrs. Palmieri was not a proximate cause of the accident, "was a manifest denial or miscarriage of justice." It ordered a new trial of Santiago's cross-claims against Mrs. Palmieri for contribution limited to the issue of whether her negligence, as found by the jury, was a proximate cause of the accident. The Appellate Division opinion also provided that since Santiago did not challenge the finding of liability against him and the amount of plaintiffs' awards for damages, "those portions of the judgment shall remain undisturbed."

We granted certification, 65 *N. J.* 297 (1974), primarily to consider Mrs. Palmieri's contention that should she be held liable for contribution, she would have the right to be heard on the quantum of damages and would not be bound by the awards made to plaintiffs at the trial on damages.

Preliminarily we consider the grant of a new trial of Santiago's cross-claims for contribution limited to the issue of the proximate cause of Mrs. Palmieri's negligence as found by the jury in the original trial on liability. We conclude that a new trial should have been granted on the full issue of Mrs. Palmieri's liability, *i. e.,* negligence and proximate cause. We do not know from the jury verdict just what negligent conduct or default it found Mrs. Palmieri to be guilty of, but in the circumstances of this case we cannot conceive of any act or omission amounting to negligence on the part of Mrs. Palmieri in the operation of her car that would not have contributed causally to the happening of the accident. On this basis the jury verdict as to Mrs. Palmieri, finding negligence but absence of proximate cause, was patently inconsistent.

On the issue of quantum of damages, Mrs. Palmieri does not contend that the awards to plaintiffs are excessive in amount. Her single point is that the cross-claims against her for contribution had been dismissed as a result of the jury verdict in the first trial on the issue of liability, so that when the trial on damages was held she was no longer a party defendant in the case and did not have the opportunity to be heard on the quantum of damages.[2]

We conclude that Mrs. Palmieri is bound by the awards to plaintiffs made at the trial on damages.

When Mrs. Palmieri, at the conclusion of the liability phase of the case, obtained a dismissal of the cross-claims against her for contribution, that dismissal was subject to appellate review as to its legality and correctness. She had no right to rely on the finality of her exoneration until the time for appeal had run. Indeed, Santiago immediately sought an interlocutory review of the judgment in her favor and, although the Appellate Division denied a review at that time, Mrs. Palmieri should have been alerted to the probability of an appeal after the question of damages had been fixed. In this situation, she should have taken all steps necessary to protect her interest in the damages issue. *Cf. Mickens v. Marascio,* 58 *N. J.* 569 (1971), which did not involve a split trial situation.

The result we arrive at is not contrary to the justice and equities of the case. Mrs. Palmieri's position would require subjecting Santiago, who is irrevocably bound to plaintiffs in the amounts of the jury verdict, both to the difficulty of proving plaintiffs' damages through parties not concerned with the outcome of a contest between defendants on the damages issue, and the risk of a lower verdict on his cross-

---

[2]Counsel for Santiago represented at oral argument before us that prior to the damages trial he wrote to counsel for Mrs. Palmieri and "invited them to participate" in settlement discussions before the start of the damages trial saying he intended to appeal the case regardless of settlement or judgment in the damages trial. He stated that counsel for Mrs. Palmieri declined the invitation.

claims than that for which he is already liable to plaintiffs. See *Mickens, supra,* 58 *N. J.* at 575.

Of course, under the rule we here apply, a defendant in the position of Mrs. Palmieri could make a timely motion addressed to the verdict for damages as excessive, or appeal from the judgment.

To avoid any possible misunderstanding in the future, we propose to amend *R.* 4:38–2(b) to provide specifically that a defendant who prevails at a separate trial of the liability issue should not have the claim against him dismissed at that time, and should be given notice of and an opportunity to participate in the trial on damages, since he will be bound by the damages fixed, in the event the ruling in his favor on liability is reversed. *Cf. Schwartz v. North Jersey Building Contractors Corp.,* 38 *N. J.* 9, 13 (1962).

In any event, as noted above, Mrs. Palmieri was on notice that the jury verdict as to her non-liability would in all likelihood be appealed, and for the reason stated the result here reached appears to us consistent with justice as between the contesting defendants.

The judgment of the Appelate Division is modified as herein indicated and the matter remanded to the trial court for further proceedings in accordance with this opinion.

*For modification and remandment* — Chief Justice HUGHES, Justices JACOBS, HALL, SULLIVAN, PASHMAN and CLIFFORD and Judge CONFORD—7.

*Opposed*—None.