Argued  October 27, 1969, reversed in part;
affirmed in part May 20, 1970

McINTOSH, *Respondent, v.* LAWRANCE, *Respondent and Cross-Appellant,* and JONES, *Appellant.*

469 P2d 628

*James H. Clarke*, Portland, argued the cause for appellant. With him on the briefs were McColloch, Dezendorf, Spears & Lubersky, and George L. Kirklin, Portland.

*Alex M. Byler*, Pendleton, argued the cause for respondent and cross-appellant. With him on the briefs were Corey, Byler & Rew, and George H. Corey, Pendleton.

*Donald D. Yokom*, Pendleton, argued the cause for respondent. With him on the brief were Walton & Yokom, Pendleton.

Before PERRY,* Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN,** DENECKE and HOLMAN, Justices.

HOLMAN, J.

Plaintiff was a passenger in a vehicle operated by the defendant Lawrance which collided with another vehicle operated by the defendant Jones. Plaintiff brought an action against the operators of both vehicles for damages because of injuries caused by the accident. The trial of the action resulted in a jury verdict and judgment for both defendants. Pursuant to a motion by plaintiff, the trial court set aside the judgment as to both defendants and granted a new trial. Both defendants appealed from the trial court's order.

We first will discuss the appeal of the defendant Jones. The motion for a new trial, upon which motion the trial court based its order, was grounded upon al-

---

* Perry, C.J., did not participate in this decision.
** Goodwin, J., resigned December 19, 1969.

leged errors in instructions. Both instructions were requested by the defendant Lawrance. They were as follows:

> "In this case the Plaintiff has admitted that she was a guest passenger of the Defendant Homer C. Lawrance, and therefore in order for her to recover against Lawrance *she must prove* intoxication or gross negligence, and *her freedom from contributory negligence.*" (Emphasis ours.)
>
> \* \* \* \* \*
>
> "Now, the Defendant Lawrance in this case has also interposed the defense of the assumption of risk. When a person, whether a guest or a passenger, enters a vehicle knowing the one who is operating the vehicle is intoxicated, or unfit to operate the automobile, the guest or passenger assumes the risks involved and may not recover if injury results from such condition of the driver.
>
> "One may not negligently blind himself to the obvious signs of danger and then say he was unaware of the danger. If a passenger should have reason to know of the driver's inability to drive safely the passenger will be barred if he then accepts the ride, fails to remonstrate and get out of the vehicle."

Defendant Jones contends the instructions were unrelated to plaintiff's case against her and, therefore, could not have affected the verdict in her favor. With this contention we agree. A new trial may be granted only where there is a basis for a finding by the trial judge of substantial prejudicial error. *Foxton v. Woodmansee,* 236 Or 271 at 284-86, 386 P2d 659, 388 P2d 275 (1964). The questioned instructions related solely to plaintiff's case against the defendant Lawrance and, therefore, could not have prejudiced her case against the defendant Jones.

Plaintiff contends that when error occurs in such a

basic instruction as the one concerning the burden of proof, it affects the jury's determination as to all defendants, despite the fact that the instruction purports to apply to only one of them. The obligations and duties of the defendant Lawrance to plaintiff were entirely different from those of the defendant Jones because of the provisions of the guest statute, ORS 30.115. They were the subject of separate instructions and we do not believe there could be any likelihood of a carry-over to Jones as the result of the instructions concerning Lawrance. The order granting a new trial as to the defendant Jones is reversed.

■ Relative to the defendant Lawrance, there can be no doubt but that the instructions were such as to constitute a basis for a finding by the trial court not only of error but of prejudicial error. The error of the instruction relating to the burden of proof is so obvious as to require no citation of authority. While there were other instructions relative to the burden of proof of contributory negligence which were correct, we will not disturb the trial court's judgment on whether the erroneous, inconsistent instruction was prejudicial.

■ An instruction on assumption of risk has been held by us to be improper. *Zumwalt v. Lindland*, 239 Or 26, 30-31, 396 P2d 205 (1964). Where contributory negligence is alleged and is instructed upon as in the present case, an instruction upon assumption of risk is the equivalent of allowing the defendant a second instruction on contributory negligence. Such a set of circumstances affords an adequate basis upon which the trial judge may find prejudice. We do not intend to hold, in the circumstances here, that either of the instructions was prejudicial as a matter of law, but only that each constituted an adequate basis for a

finding of prejudice by the trial judge. The judgment of the trial court granting a new trial as to the defendant Lawrance must be affirmed unless he has other reasons why the original judgment in his favor should stand.

■ The defendant Lawrance contends that the trial court erred in failing to grant his motions for a non-suit and for a directed verdict. He argues that plaintiff's first count against him was insufficient to state a cause of action because it stated only a conclusion. It alleges as follows:

> "The defendant, Homer C. Lawrance, was then and there operating the vehicle while in an intoxicated condition, and said accident was caused as a proximate result of his intoxication."

ORS 30.115, known as the guest statute, provides as follows:

> "No person transported by the \* \* \* operator of a motor vehicle \* \* \* as his guest without payment for such transportation, shall have a cause of action for damages against the \* \* \* operator for injury \* \* \* in case of accident, unless the accident was \* \* \* caused by his [operator's] \* \* \* intoxication."

The language of the allegation in the complaint is substantially in the words of the statute and we are of the opinion that it was sufficient to allege a cause of action. It alleges ultimate facts; *i.e.*, the operation of a vehicle while intoxicated and the causually related accident.

■ The defendant Lawrance next contends there was insufficient evidence of his intoxication. The defendant Jones testified that she saw him several times at the hospital after the accident and that in her opin-

ion he was intoxicated. Several others detected the odor of alcohol on him. There was sufficient evidence of intoxication to go to the jury.

■■ He also argues that there was insufficient evidence of gross negligence. There was evidence of previous erratic driving and also evidence that at the time of the accident he drove from his own right side of the road to the left side while the defendant Jones was attempting to overtake and pass him after sounding her horn. This evidence, together with the evidence of his intoxication, was sufficient to prove a case of gross negligence. A manner of driving which rises only to the level of simple negligence when the driver is sober can become grossly negligent when the driving is done while intoxicated.

■ Defendant Lawrance next contends plaintiff was contributorily negligent as a matter of law because she rode with a driver whom she knew to be incompetent. He argues that plaintiff must have known of his incapacity, if such existed. Plaintiff testified that she saw nothing unusual about Lawrance's operation of his vehicle; that she noticed nothing about him which led her to believe he was intoxicated; and that she believed his driving was proper.

A party who appears to be intoxicated to one person may not appear so to another. Erratic driving as observed by one with a particular degree of perspicacity who is in a given position may not be noticed by an individual possessed of a different degree of acuity who is in another position. While it may seem highly unlikely that plaintiff did not know, if such were the fact, of Lawrance's erratic driving or of his intoxication, we cannot say as a matter of law that she did know or that in the exercise of reasonable care she should have known of it.

The defendant Lawrance cites *Amundson v. Hedrick*, 253 Or 185, 452 P2d 308 (1969), and *Nikkila v. Niemi*, 248 Or 594, 433 P2d 825 (1967) as authority for his contention. *Amundson* was a case in which defendant's decedent's manner of driving while on the way to the coast had been so bad that plaintiff and another passenger discussed the possibility of taking the bus back to Portland rather than risking the ride with defendant's decedent. They consented to return with him only after he promised to drive more carefully. An accident occurred on the return trip which was not the result of a manner of driving which normally would have been considered grossly negligent. Plaintiff contended that decedent was grossly negligent in operating his vehicle at a speed which would be normal for others, because he had demonstrated to himself that he was an incompetent driver. We held that if his driving had been so bad as to demonstrate his incompetence to himself, it must necessarily have been bad enough to demonstrate it to plaintiff and that, therefore, either defendant's decedent was not grossly negligent or plaintiff was contributorily negligent. This was a case in which plaintiff was admittedly aware of the erratic driving which was the basis for the claim that defendant's decedent had demonstrated to himself that he was an incompetent driver. The testimony of the manner in which decedent had driven was graphically detailed by plaintiff, and plaintiff was so concerned that he had discussed the possibility of taking the bus back to Portland.

In *Nikkila*, plaintiff remained in a vehicle, after having had the opportunity of getting out, when he knew that the operator was going to engage in a drag race with another vehicle on a public highway. We

held that he was contributorily negligent since he, having this knowledge, remained in the vehicle.

We do not believe that either case is authority for the defendant Lawrance's position in this case that plaintiff was contributorily negligent as a matter of law, because the plaintiff in the first case admittedly had had knowledge of the erratic driving and, in the second case, of a race that was about to transpire. In the present case, while we may deem it unlikely that plaintiff did not know, if such were the fact, of Lawrance's erratic driving and intoxication, we cannot say as a matter of law that she did know or should have known of it.

Lastly, the defendant Lawrance asserts that, if the jury could find for the plaintiff only after first finding that her testimony was false concerning Lawrance's good driving and lack of intoxication, the court should have directed a verdict in his favor. As previously indicated, we cannot say as a matter of law that plaintiff was cognizant of defendant's incapacity as a driver. Therefore, we cannot conclusively say that she lied.

The judgment of the trial court granting a new trial as to the defendant Jones is reversed. The judgment granting a new trial as to the defendant Lawrance is affirmed.