Argued May 9, affirmed September 6, 1974

LIBBEE, *Respondent, v.* PERMANENTE
CLINIC ET AL, *Appellants.*

525 P2d 1296

*William L. Hallmark,* Portland, argued the cause for appellants. With him on the brief were Robert P. Jones, and McMenamin, Jones, Joseph & Lang, Portland.

*Theodore S. Bloom,* Portland, argued the cause for respondent. With him on the brief were Bruce J. Rothman, and Martindale, Ruben & Rothman, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL, and BRYSON, Justices.

HOLMAN, J.

Plaintiff brought an action for damages for alleged medical malpractice against defendants. A judgment was entered for defendants pursuant to a jury verdict. Plaintiff filed a motion for a new trial which was granted and defendants appealed.

Defendants delivered plaintiff of a stillborn child by caesarean section, after which plaintiff became severely infected. She claimed defendants were negligent in several particulars, among which was a contention that a caesarean section was unnecessary.

While the jury was deliberating it was discovered that an exhibit which was neither offered nor received in evidence had gone to the jury room for consideration by the jury. The court then brought the jury back into the courtroom and, by questioning it, ascertained that several of the jurors had perused the exhibit. The jury was then allowed to continue its deliberations while counsel made up their minds what

they wanted to do about the error and while the trial judge started another case.

An hour and twenty minutes later the trial judge took the matter up again with counsel and told them he was going to call the jury back into the courtroom and, if it indicated it was still deadlocked (it had deliberated a long time), he was going to discharge it as a hung jury. The bailiff went to summon the jury and was told by the jury that it had reached a verdict. This fact was reported to the judge and counsel and plaintiff's attorney immediately moved for a mistrial which was granted by the court.

At the suggestion of defendants' counsel, the jury thereafter was allowed to present its verdict, which was not received but was made an exhibit. The judge asked the jurors as a group if nine of their number had agreed and they acknowledged that they had, but the jurors were not individually polled. After the jurors were discharged, the trial judge changed his mind, received the verdict and entered a judgment upon it, probably because of ORS 17.330, the provisions of which are as follows:

> "Except as provided in ORS 17.225 [re sick jurors] and 17.345 [re missing jurors], or in case of some accident or calamity requiring their discharge, the jury shall not be discharged after the cause is submitted to them until they have agreed upon a verdict and given it in open court, unless by the consent of both parties entered in the journal, or unless at the expiration of such period as the court deems proper, it satisfactorily appears that there is no probability of an agreement."

Thereafter, plaintiff filed a motion for a new trial which the court granted, and this appeal resulted.

The motion for the new trial was made upon

two grounds: first, irregularity in the proceedings was alleged in that the jury had considered an exhibit which had not been received in evidence and which contained material prejudicial to plaintiff's case; and, second, an error of law had occurred in that the trial judge received a verdict after the case had been terminated by the allowance of a mistrial.

There is no doubt that it was error to allow the jury to consider an exhibit which had not been received in evidence. The sole disagreement relating to this ground for a new trial is whether the considered material was prejudicial to plaintiff. The exhibit was the entire file of one of the physicians who testified for plaintiff at the trial and who treated plaintiff after she terminated her relationship with defendants. In the file was much material which could be considered prejudicial to defendants, but also in the file were plaintiff's unlabeled proposed specifications of negligence for a previous trial in which recovery had been sought for the death of the stillborn child. One of the specifications of negligence was:

"* * * * *.

"4. In failing to deliver decedent unborn child when it was clinically and medically indicated to prevent said child from being stillborn.
"* * * * *."

Plaintiff contends that this allegation of negligence demonstrated to the jury, first, that plaintiff was seeking or had sought two recoveries, one for herself and one for the death of the child; and, second, although she was contending in the present case that defendants should not have delivered her child by caesarean section, at some other time she was charging defendants with a failure to perform such an operation.

The trial judge summed up the matter as follows when he granted plaintiff's motion for a mistrial:

"* * * There is, in my opinion, not only is there a matter which is not—which wouldn't properly go to a jury period because it's full of letters such as be ready for the trial and here's what we are going to ask but then these hypothetical questions and proposed specifics of negligence that obviously deal with charges concerning the death of the baby. I just don't know how they stand.

"All right, as a matter of mechanics, the motion for mistrial is granted."

■ This court normally defers to the trial court's determination of the prejudicial effect of any error which is committed. *Stoneburner v. Greyhound Corp. et al,* 232 Or 567, 570, 375 P2d 812 (1962). However, the chance of prejudice must be substantial, *Landolt v. The Flame, Inc.,* 261 Or 243, 262, 492 P2d 785 (1972), *McIntosh v. Lawrance,* 255 Or 569, 572, 469 P2d 628 (1970), and where the chance of prejudice is remote and extremely unlikely, this court will not affirm an order for a new trial because of the public's interest in the permanence of judicial proceedings. *Snyder v. Hunter Room, Inc.,* 269 Or 536, 525 P2d 1293 (1974), decided this day.

■ This is the type of case in which we will let the trial court's assessment of prejudice stand. The jury could well have been prejudiced by knowledge that plaintiff was asserting or had asserted two claims against the defendants: one for her injury and the other for the death of the stillborn child. There is no contention that the jury otherwise had knowledge of the other claim. Although two such recoveries are allowed at law, jurors have no knowledge of this and it could have given the appearance of overreaching,

especially when apparently asserting both that the defendants were negligent in performing a caesarean section and negligent in not performing one. There was a logical medical explanation for the seeming inconsistency based on the timing involved, but there is no assurance that the jurors in this case would perceive it. It is our opinion that there was a substantial basis for a finding of probable prejudice and that the trial judge did not err in granting a new trial.

Because of our disposition of the first ground in the motion for the new trial, it is unnecessary to discuss the second ground.

The judgment of the trial court granting a new trial is affirmed.