JEROME P. BEGIN, TRUSTEE FOR THE HEIRS OF
MICHAEL R. BEGIN, v. RAYMOND ALBERT WEBER.

234 N. W. 2d 192.

October 3, 1975—No. 44859.

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp &
Brennan, O. C. Adamson II, Mary Jeanne Coyne,* and *Roderick
Blanchard,* for appellant.

*Mastor & Mattson* and *Richard J. Gunn,* for respondent.

Heard before Sheran, C. J., and Kelly and Yetka, JJ., and considered and decided by the court en banc.

SHERAN, CHIEF JUSTICE.

This is an authorized appeal from an order of the district court granting a limited new trial after a verdict in defendant's favor in a wrongful death action. We affirm.

On August 10, 1970, at approximately 10 p. m., a car owned and operated by defendant, Raymond Albert Weber, collided with a motorcycle owned and operated by Michael R. Begin at the intersection of Minnesota Trunk Highway No. 152 and Hennepin County Road No. 49 in Rogers, Minnesota. The evidence is undisputed that defendant, traveling in a northwesterly direction on Trunk Highway No. 152, collided with the motorcycle, which was proceeding in the opposite direction, as defendant was in the process of making a left-hand turn. There were no disinterested eyewitnesses to the accident. Begin was killed instantly. Weber testified that he did not see the motorcycle until the moment of impact, although the cycle laid down 51 feet of skid marks parallel to the centerline of Highway No. 152 leading to the point of impact. These skid marks were entirely within Begin's proper lane of travel. The front end of the motorcycle collided with the front of the automobile, near its right front headlight.

The intersection is in a posted 50-miles-per-hour speed zone. There is evidence from which the jury could have found that the cyclist was driving at a speed of 40 miles per hour or more at a point about 900 feet from the intersection as he proceeded toward it. Defendant testified that he was driving at a speed of 10 miles per hour when the collision occurred, but the physical facts could support a higher rate of speed on his part. The terrain is level at and near the accident site and there were no obstructions to visibility for either driver.

Defendant explains his failure to see the cycle before the moment of impact by claiming that it was without lights. Although it is undisputed that the lights with which the motorcycle was

equipped were not of the kind generally employed for the purpose, there were two lights, one affixed on top of the other, each carrying a 12-volt bulb connected with a 6-volt battery, serving as "headlights." When observed some 1,000 feet from the place of the accident by a disinterested witness, these lights on the motorcycle were functioning. The lights were so damaged in the accident as to make positive proof of the disputed question impossible. But whether the lights of the motorcycle were on or off, there is nothing in the record that would adequately explain why defendant did not pick up the motorcycle in his own headlights as he started to make his left turn at the intersection. In addition, it is claimed that as defendant turned at the intersection he was "cutting the corner," contrary to Minn. St. 169.19, subd. 1(2). Defendant disputes this contention and we find it unnecessary to resolve this dispute at this time. The intersection was illuminated with some type of overhead street light, the candlepower of which does not appear clearly from the record.

The trial judge submitted the case to the jury and the jury, responding to special interrogatories, found (1) that defendant Weber was not negligent (Findings 1 and 2) ; (2) that Begin was negligent (Finding 3) and (3) that his negligence was a direct cause of the accident (Finding 4). One hundred percent of the fault for the accident was assigned to Begin (Finding 5) ; and damages in the amount of $30,000 were found to have resulted from the accident (Finding 6).

The trial judge made findings of fact, conclusions of law, and an order for judgment confirming the special verdict of the jury, and directed that judgment be entered for defendant. Plaintiff then made the usual blended motion for judgment in his favor or, in the alternative, for a new trial. In response, the trial court entered an order and supporting memorandum. So far as pertinent, the order reads:

"* * * The alternative motions of plaintiff were: (1) to amend the Findings of Fact, Conclusions of Law and Order for

Judgment, or (2) to set aside the special verdict in respect to the Findings of Fact on questions 1, 2, 3, 4 and 5, individually and collectively, and for Judgment Notwithstanding the Verdict, or (3) an Order Vacating and Setting Aside the Special Verdict relating to Findings of Fact on questions 1, 2, 3, 4 and 5, individually and collectively, of the jury and for a new trial thereof on the said five questions. The Court having been fully advised in the premises and upon all the files, affidavits, exhibits, records, briefs, arguments of counsel, transcript and proceedings herein,

"IT IS HEREBY ORDERED:

"1. That plaintiff's Motion to set aside the special verdict in respect to Findings of Fact on questions 1, 2, 3, 4 and 5, and for Judgment Notwithstanding the Special Verdict is denied.

"2. That plaintiff's Motion to amend the Findings of Fact, Conclusions of Law and Order for Judgment is denied, except that the Findings of Fact numbered 1 and 2 and the answers thereto shall be amended to read as follows:

"1. Was defendant Raymond Albert Weber negligent?

Answer: Yes

"2. If so, was such negligence a direct cause of the accident?

Answer: Yes

"3. That plaintiff's Motion to vacate and set aside the special verdict relating to Findings of Fact on interrogatories numbered 3 and 4 and for a new trial thereon is denied.

"4. That plaintiff's Motion to vacate and set aside the special verdict relating to Findings of Fact on interrogatory numbered 5 and for a new trial thereon is granted.

"5. The jury finding of damages to the next of kin of decedent Michael R. Begin shall stand."

In its memorandum the trial court makes careful analysis of the evidence adduced at the time of trial and concludes that the special verdict of the jury finding no negligence whatever on the part of defendant Weber was not justified by the evidence.

We have reviewed the record and we are satisfied that the determination of the trial judge was within the broad discretion allowed in situations of this kind. Ginsberg v. Williams, 270 Minn. 474, 483, 135 N. W. 2d 213, 220 (1965); Brooks Realty, Inc. v. Aetna Ins. Co. 276 Minn. 245, 149 N. W. 2d 494 (1967); Sanchez v. Waldrup, 271 Minn. 419, 136 N. W. 2d 61 (1965); Grorud v. Thomasson, 287 Minn 531, 177 N. W. 2d 51 (1970).

The new trial, however, must not be limited to apportionment of the causal negligence of the drivers. In Juvland v. Mattson, 289 Minn. 365, 184 N. W. 2d 423 (1971), we held:

"In an automobile negligence action where the issue of the causal negligence of each driver is submitted in the form of special verdicts requiring an answer on the ultimate fact issue of causal negligence, followed by a comparative negligence question as authorized by Minn. St. 604.01, subd. 1, it is error to order a new trial limited solely to the issue of the percentage of negligence attributable to each driver because such issue is not distinct and separable, and a comparison of fault presupposes a determination of particular respects in which each driver was causally negligent."

The order of the district court granting a new trial is affirmed and the case is remanded to the district court with instructions that there be a retrial on the general issues of liability. The allowance of $30,000 in damages in this wrongful death action seems reasonable and there is no reason for retrial of that issue.

Affirmed with modifications.