Argued and submitted June 14, reversed and remanded August 18, 1982

WOHLERS,
*Respondent,*
*v.*
RUEGGER,
*Appellant.*

(No. 81-218, CA A23823)

649 P2d 602

Lynn F. Jarvis, Bend, argued the cause for appellant. With him on the brief was Gray, Fancher, Holmes & Hurley, Bend.

Mike Ratliff, and Parks & Ratliff, Klamath Falls, filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Defendant appeals from an order granting plaintiff a new trial after the jury returned its verdict in favor of defendant. The trial court granted plaintiff's motion because of erroneously admitted evidence prejudicial to plaintiff. *See* ORCP 64(B)(6). We hold that, even if the evidence was erroneously admitted, it was not sufficiently prejudicial to warrant the granting of a new trial.

Plaintiff brought this action for damages to his automobile allegedly resulting from defendant's negligence. The evidence adduced at trial concerning the cause of the accident was conflicting. Defendant was traveling south and attempting to make a left turn. Plaintiff was traveling north on the same street. As defendant made his turn, plaintiff applied his brakes, lost control of his car and hit a third car driven by a Mrs. Sims. The basic factual issue at trial was whether defendant was negligent in making the left turn across plaintiff's lane of traffic, thus causing plaintiff to lose control of his car as he applied his brakes. Defendant testified that he had "plenty of time to turn" and properly made the left turn.

The evidence which formed the basis for the motion for a new trial came in as follows. Mrs. Sims, who was immediately behind defendant as he turned left and whose car was then struck by plaintiff, testified in essence that plaintiff was not negligent and that defendant caused the accident. On cross-examination, Mrs. Sims testified that she did not file a complaint for damages to her automobile. In fact, a complaint had been filed naming Mr. and Mrs. Sims as plaintiffs and Wohlers and Ruegger, plaintiff *and* defendant in the present action, as defendants. That complaint alleged that both defendants were negligent. Out of the jury's presence, Sims testified that she had made a claim against her insurance company for the damages to her car, and her company had paid those damages.[1] When she was asked whether she knew

---

[1] The insurance company "paid" Mrs. Sims $342.80 pursuant to a loan receipt agreement. Under the agreement, the company had the right to file a complaint in Sims's name and, to the extent Sims was reimbursed by the lawsuit, the sum was to be repaid to the insurance company. Sims also agreed to prosecute a claim against any responsible parties. The propriety of this type of loan receipt agreement as a means of preserving title to a cause of action in the insured party has been recognized in Oregon. *See, e.g., Northern Ins. Co. v. Conn Organ,* 40 Or App 785, 793, 596 P2d 605, *rev den* 287 Or 507 (1979).

if a complaint had been filed on her behalf by an attorney for the insurance company, she responded, "Well, my husband does all those things and I honestly don't know any of the details." Later, she again stated, "My husband does all such things and I did not know."

Defendant moved for admission of that complaint, contending that it was offered as a statement in conflict with Mrs. Sims' earlier testimony. When asked by the court whether the complaint was offered as substantive evidence, defendant stated that it was not, but, rather, that it was offered only to impeach the testimony of the witness. The court then stated that defendant could show that Sims had filed a lawsuit against the parties but that Sims would be allowed to explain the circumstances and her knowledge of it. Defendant withdrew the offer of the complaint at that time. The complaint was later offered in evidence and was received for purposes of impeachment.[2] Sims was recalled by plaintiff to explain the complaint. Sims testified that she did not know the insurer's attorney, that she had never seen the complaint and that she did not know the complaint had been filed. She also testified that she did not agree with some of the allegations of the complaint. She explained her version of how the accident occurred.

The jury returned a unanimous verdict, finding that defendant was not negligent in any respect. After judgment was entered on the verdict, plaintiff moved for a new trial on the ground stated above. The court granted the motion, stating:

"To find Defendant Ruegger free of any negligence as was done in this case, the jury had to not only disregard testimony of plaintiff, a convicted felon, but also the testimony of Mrs. Sims. [The attorney for the insurer] enjoys a well deserved reputation in this community for outstanding integrity and professional ability. His assertion

---

[2] In its memorandum opinion on the motion for a new trial, the court noted:

"I do not see in my notes any objection at the time Exhibit A [the Sims' complaint] was received. However, it is my memory that Mr. Ratliff had made his objections earlier, when this matter first came up at the time Mrs. Sims was being cross-examined during the plaintiff's case in chief. Exhibit A was later offered and received near the close of defendant's case in chief. In any event, when I allowed Exhibit A into this case, I was well aware that plaintiff objected to it or to any reference to that Complaint."

on Mrs. Sims' behalf that Wohlers was at fault would have to carry weight with any jurors who knew or knew of him. Therefore, if it was error to admit Exhibit A, the error was prejudicial.

"Exhibit A, the Complaint in Sims vs. Wohlers and Ruegger was prepared by State Farm's attorney, using compound hearsay and filed in Mrs. Sims' name only under the fiction of a loan receipt. Mrs. Sims had no real connection with the case. To permit this document in evidence to 'impeach' her was wrong. A new trial should be granted."

■ Assuming, for argument's sake, that the complaint was erroneously admitted to impeach Sims's credibility, its admission did not justify the granting of a new trial. The granting of such a motion must be based on grounds "materially affecting the substantial rights" of the parties. ORCP 64(B). Our Supreme Court has indicated on numerous occasions that the trial court may grant a new trial only where there is a substantial chance of prejudice. *Snyder v. Hunter Room, Inc.,* 269 Or 536, 539, 525 P2d 1293 (1974); *Garber v. Martin,* 261 Or 410, 421, 494 P2d 858 (1972) (dissenting opinion of Tongue, J.); *Landolt v. The Flame, Inc.,* 261 Or 243, 262, 492 P2d 785 (1972); *McIntosh v. Lawrance,* 255 Or 569, 572, 469 P2d 628 (1970). The reason for such a standard is stated in *Libbee v. Permanente Clinic,* 269 Or 543, 547, 525 P2d 1296 (1974):

"This court normally defers to the trial court's determination of the prejudicial effect of any error which is committed. * * * However, the chance of prejudice must be substantial * * * and where the chance of prejudice is remote and extremely unlikely, this court will not affirm an order for a new trial because of the public's interest in the permanence of judicial proceedings. * * *" (Citations omitted.)

■ The trial court apparently found the admission of the complaint prejudicial because it was filed by an attorney "of outstanding integrity and professional ability" whose assertions in a complaint would carry weight with any jurors who knew him. There was no evidence that any of the jurors knew that attorney or knew of his professional reputation. In any event, such a finding of prejudice is remote at best. Further, the only possible prejudice plaintiff suffered from admission of the complaint resulted from

the complaint's allegations that plaintiff was negligent. The allegations that defendant was negligent certainly did not harm plaintiff's case. Evidence of plaintiff's negligence would relate to the jury's finding that plaintiff was contributorily negligent. Under the verdict form submitted to the jury, it could not even answer the question of whether plaintiff was negligent if it first found that defendant was not negligent in any respect.[3] The jury made the finding that defendant was not negligent. Thus, it did not reach the issue of plaintiff's negligence. Therefore, we conclude that the admission of the complaint was not sufficiently prejudicial to warrant the granting of a new trial.

Reversed and remanded for entry of a judgment for defendant.

---

[3] The verdict form read as follows:

"We, the Jury, answer the Court's questions as follows:

"1. Was Defendant, GEORGE RUEGGER, negligent in one or more of the respects as charged causing the accident?

"Answer: _____ (yes or no)

"If your answer to No. 1 is 'no,' have the Foreperson sign the Verdict. If your answer is 'yes,' then answer No. 2.

"2. Was the Plaintiff, RICHARD WOHLERS, negligent in one or more of the respects as charged causing the accident?

"Answer: _____ (yes or no)

"If your answer to No. 2 is 'no,' proceed to question No. 4. If your answer to No. 2 is 'yes,' then answer No. 3.

"3. In what percentage did the negligence of each contribute to the accident:

"Answer: (a) Plaintiff _____.

(b) Defendant _____.

"(Note: (a) and (b) must total 100.)

"4. What are Plaintiff's total money damages?

"Answer: $ _____."