STATE of Alaska, Appellant,

v.

MUNICIPALITY OF ANCHORAGE, and Sandra N. Hanson, Personal Representative of the Estate of Leroy A. Hanson, Deceased, Appellees.

No. S–3456.

Supreme Court of Alaska.

Feb. 15, 1991.

DiPietro, *The Development of Appellate Sentencing Law in Alaska,* 7 Alaska L.Rev. 265, 295

James M. Seedorf and David S. Carter, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellant.

Joseph L. Young and Kristen Young, Young & Sanders, Inc., Anchorage, for appellee Hanson.

No appearance by the Municipality of Anchorage.

Before RABINOWITZ, C.J., and BURKE, COMPTON and MOORE, JJ.

OPINION

COMPTON, Justice.

The State of Alaska (state) appeals an order which denied Hanson's motion for a

(1990).

new trial as to the Municipality of Anchorage (municipality), the state's codefendant in the action, but granted it as to the state. The court then certified the judgment as to the municipality in accordance with Alaska Civil Rule 54(b). Only that judgment is before us. We affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

LeRoy Hanson lost control of his bicycle while riding down a paved pathway in Anchorage in 1985, hit his head on a handrail alongside the pathway, and died as a result. Sandra Hanson, LeRoy Hanson's wife and the personal representative of his estate, sued the state and the municipality.

The state owned and maintained the pathway at the time of the accident. Mrs. Hanson's theory of liability against the state was that it had a duty as the owner of the pathway to use reasonable care to make it safe. She asserted that the state breached this duty by failing to keep the pathway safe for bicyclists when it knew the pathway was designated and used as a bike path. Mrs. Hanson's theory of liability against the municipality was that the municipality had legal control of the pathway because it had posted and designated it as a bike path, and therefore it also had a duty to ensure that it was reasonably safe for bicyclists. Further, she claimed that the municipality had the power to prevent or guard against the dangerous condition of the pathway.

The case was tried to a jury, which returned a verdict in favor of the municipality, finding it not negligent. The jury, however, found that the state was negligent and that the state's negligence was a legal cause of Mr. Hanson's death.

The special verdict form then asked:

Without regard to whether or not the deceased was negligent, what is the amount of money which will reasonably and fairly compensate each beneficiary for his/her damages resulting from defendants' negligence?

The jury designated the amount of $33,000 for Sandra Hanson and $3,000 for Stephanie Hanson, the Hansons' daughter. It also found that Mr. Hanson was negligent and that his negligence was a legal cause of his death. Finally, the jury apportioned 30% of the negligence to the state, 70% to Mr. Hanson, and none to the municipality.

Following the trial Mrs. Hanson moved for a new trial on the grounds that the damages were inadequate as a matter of law and that the jury failed to follow the court's instructions. She based this latter assertion on a phone call the judge received after the trial from the jury foreman, who stated that the jury took into account Mr. Hanson's negligence in calculating damages.

The court denied Mrs. Hanson's motion for a new trial as to the municipality, but granted it as to the state. The court found that the verdict in favor of the municipality was supported by the evidence and that the jury did not fail to follow the court's instructions as to the municipality's liability. The court ordered a new trial against the state because the damages were so low in light of the evidence that it would be unconscionable to let the verdict stand. The court explained: "It is possible that the jury interwove evidence of the liability of the State and Bud Hanson's comparative negligence with damages elements, thus tainting the verdict with elements of compromise."

After entry of judgment in favor of the municipality in accordance with Civil Rule 54(b), the superior court denied the state's motion to reconsider. The state filed a petition for review of the order granting a new trial, which we denied.

The state then filed a notice of appeal and statement of points on appeal. Mrs. Hanson and the municipality moved unsuccessfully to dismiss the appeal. While that motion was pending Mrs. Hanson and the municipality settled. Mrs. Hanson then moved to strike points 2 through 12 of the state's statement of points on appeal on the basis that they were not reviewable. Mrs. Hanson argued that points 2 through 5 were virtually identical to questions raised by the state in its unsuccessful petition for review. She argued that points 6 through

12 were not ripe for review because they related to her claims against the state which are to be resolved in a new trial. Hanson's motion was granted, leaving only the issue of whether the court erred in denying Mrs. Hanson's motion for a new trial against the municipality.

## II. STANDARD OF REVIEW

■ The standard of review for the denial of a new trial is abuse of discretion. "The grant or refusal of a motion for a new trial rests in the sound discretion of the trial court, and we will not disturb the trial court's decision on such a motion except in exceptional circumstances to prevent a miscarriage of justice." *Buoy v. ERA Helicopters, Inc.*, 771 P.2d 439, 442 (Alaska 1989).

## III. SUMMARY OF THE ARGUMENTS

The state argues that the court had no basis for deciding that the jury fully understood and obeyed its instructions as to the municipality's liability, but not as to the state's liability. If a new trial is merited on issues of liability and damages, it should apply to both defendants. The state argues that a partial new trial will deny the state the right to have the jury evaluate the state's liability after considering the conduct of all parties. It asserts that there were genuine issues of material fact precluding entry of summary judgment in favor of the municipality, and that the partial new trial will effectively tell the jury that there are no such factual issues.

The state argues also that the conduct of the state and the municipality regarding the pathway was so intertwined that it would be unfairly prejudicial to the state to prevent the jury from considering evidence relating to all the parties. The state claims it would give Mrs. Hanson an unfair tactical advantage to argue that the municipality has been absolved of liability.

Mrs. Hanson argues that the verdict in favor of the municipality could not have been tainted with elements of compromise because the municipality was completely absolved of liability. She argues that it is "entirely proper" to grant a new trial against one but not all alleged joint tortfeasors. Finally, she argues that her theories of liability against the state and municipality were separate and distinct in that the municipality's duty was dependent upon a finding that it exercised control over the pathway. Therefore, it was not inconsistent to find in favor of one defendant and against the other.

## IV. DISCUSSION

■ Alaska civil procedure clearly permits a partial new trial:

> A new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury ... if required in the interest of justice.

Alaska R.Civ.P. 59(a). This rule allows the court to limit any new trial to issues incorrectly decided or not decided at all. *City of Fairbanks v. Nesbett*, 432 P.2d 607, 613 (Alaska 1967) (remanding for new trial on issue of damages only where liability issues were properly decided).

■ Alaska case law provides some guidance as to when issues may be separable, but we have not directly addressed when it is appropriate to order a new trial for some, but not all, coparties. "In Alaska, whether the issues [of liability and damages] are sufficiently separable to warrant a partial new trial depends upon the facts and circumstances of each case." *Sturm, Ruger & Co. v. Day*, 615 P.2d 621, 623 (Alaska 1980). In *Day*, this court let stand the jury's assessment of damages while ordering a partial new trial on the issue of comparative fault of the plaintiff and defendant. *Id.* at 624. The court reasoned:

> In the present case the damage issue was fully litigated at the first trial, neither party contests the jury award of compensatory damages, there is no evidence that the damage award reflects a compromise verdict, and appellant has made no showing that it would be prejudiced by failure to retry the damages issue. Although there is always the chance that new evidence of fault would affect the jury's determination of dam-

ages, we believe that in this case the evidence on liability is almost entirely separate from the evidence on damages, and the potential for prejudice is slight. *Id.*[1] Whether a partial new trial as to less than all coparties is proper may be analyzed in the same way. As one commentator states:

> On a motion for a new trial ... the trial court has discretion ... to order that the new trial be had on all or part of the issues and as to all or any of the parties.... If the determination as to a certain issue, *or as to less than all of the parties,* is not fairly severable from the rest of the case, but is interwoven with the remaining issues, the court may not order a partial new trial.

6A J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice* ¶ 59.06 (2d ed. 1989) (emphasis added).

A number of other jurisdictions with rules analogous to Alaska Civil Rule 59(a) have addressed the grant of a partial new trial as to one coparty but not another. In *Juneau Square Corp. v. First Wisconsin Nat'l Bank,* 624 F.2d 798, 811 (7th Cir.), *cert. denied,* 449 U.S. 1013, 101 S.Ct. 571, 66 L.Ed.2d 472 (1980), the court said: "The grant of a new trial to a party who has received an adverse verdict does not require the grant of a new trial to a party who has received a favorable verdict." The court approved the grant of a new trial in favor of only the defendants against whom a verdict was returned, but it was the plaintiff in that case who complained of the partial retrial. *Id.*

The Supreme Court of Oregon, in *McIntosh v. Lawrance,* 255 Or. 569, 469 P.2d 628 (1970), held that an error in the instructions relating to the plaintiff's cause of action against one codefendant but not the other could not form a basis for a new trial against the second codefendant. In *McIntosh* the erroneous instruction related to the burden of proof as to the first codefendant. *Id.* 469 P.2d at 629. Both defendants were absolved, and due to the error the trial court granted a new trial against both defendants. *Id.* In reversing as to the second defendant, the court reasoned: "The obligations and duties of the [first defendant] to plaintiff were entirely different from those of the [second defendant] ...." *Id.*

In *Halverson v. Anderson,* 82 Wash.2d 746, 513 P.2d 827 (1973), a minor and his mother were coplaintiffs in a personal injury action resulting from a car accident in which the minor was involved. The jury returned a verdict in favor of both plaintiffs. The trial court granted the defendant a new trial on the issue of damages alone upon finding that during deliberations a juror had improperly introduced evidence of the minor's future earning capacity. The Washington Supreme Court reversed the new trial order as to the mother because the misconduct could not have affected the verdict on her separate cause of action. *Id.* 513 P.2d at 830. *See also Stokan v. Turnbull,* 480 Pa. 71, 389 A.2d 90, 93 (1978) ("If the jury finds one defendant negligent and exonerates another, the factual issue has been resolved."); *Hippocrates Mertsaris v. 73rd Corp.,* 105 A.D.2d 67, 482 N.Y.S.2d 792, 806 (1984) (where inconsistent special verdict as to two codefendants warranted new trial, exonerated third codefendant not required to participate in retrial).

Under some circumstances an exonerated codefendant will be required to stand trial again. For example, in *Williams v. Slade,* 431 F.2d 605 (5th Cir.1970), the injured passenger in an automobile accident sued both the host driver and the driver of the other car. On finding that the trial court

---

1. The court distinguished two Minnesota cases which hold that the issue of liability cannot be separated from the issue of the percentage of fault of each party. *Id.* at 623. However, both cases involved two-vehicle collisions and the issue was the comparative fault of each driver. *See Begin v. Weber,* 305 Minn. 441, 234 N.W.2d 192, 195 (1975) (where special verdict that defendant was not negligent was not justified by the evidence, the new trial must not be limited to the apportionment of fault between defendant and plaintiff's decedent); *Juvland v. Mattson,* 289 Minn. 365, 184 N.W.2d 423, 425 (1971) ("[T]he issue of the percentage of negligence attributable to each driver is not separate and distinct from the issues of the particular negligence claimed and its causal effect.").

improperly directed a verdict in favor of the host driver, the appeals court ordered the exonerated codefendant to stand trial again with the host:

> [W]e find the cases dealing with damages and liability completely analogous. Here the subtle subjectiveness of jury determination leaves this court in doubt as to the propriety of the jury's determination that [the other driver] was not negligent. We cannot ignore the interrelatedness of the automobile tactics of [both drivers]. There is no suggestion of unavoidable accident or of contributory negligence. As a result, we would need blinders not to see that the plaintiff was injured by the negligence of either [driver] or both in tandem. The jury no doubt also perceived this fact. The problem is that we cannot be sure what effect it had upon the jury's determination as to [the other driver's] negligence when the jury was deprived of the opportunity to adjudge the responsibility of both [drivers] together and was left with only an all or nothing choice as to [the other driver]. Consequently, we are not sure under the circumstances of this case that [the other driver's] liability for the accident was properly determined at the first trial.

*Id.* at 609.

■ Here the new trial order against the state was based on the inadequacy of the damages. It was within the discretion of the court to order a new trial on the issues of both liability and damages because the verdict was suggestive of a compromise or prejudice on its face. As the state candidly notes, in personal injury cases it is often impossible to separate the issue of liability from the issue of the percentage of fault of each party. *Caterpillar Tractor Co. v. Beck*, 624 P.2d 790, 795 (Alaska 1981). Total damages of $36,000 in a wrongful death suit is arguably low, and the fact that the jury found the decedent to be 70% at fault suggests that the verdict could have been compromised. In contrast, the jury clearly indicated that the municipality was not negligent. There is no need to separate the issue of liability from the issue of the percentage of fault because the municipality was found not liable.

The state has already had a full and fair opportunity to show that it was the municipality's negligence which caused the accident, but it was unable to so convince the factfinder. It would be unfair to the municipality to give the state a second opportunity to make such a showing. It is true that the court found there was a genuine issue of material fact as to the municipality's liability when it denied the motion for summary judgment, but that issue has now been definitively resolved.

It is commonplace for a defendant to be forced to defend itself without the benefit of having all potential codefendants as parties to the litigation, as when one defendant settles [2] or is not within the court's jurisdiction. The state has failed to show how a determination that the municipality was not legally at fault and will not be a litigant in the retrial will affect the state's ability to defend itself from liability.

■ The state's liability is dependent on its ownership of the pathway and its own conduct regarding the pathway. The state urges that it will be prejudiced because it will be precluded from raising as a defense the municipality's conduct in designating the pathway as a bike path. The state's conduct must be examined in light of the circumstances, one of which may be that the pathway was designated as a bike path. There is no indication that the jury's error or misconduct as to damages had any effect on its determination that the municipality was not negligent.

## V. CONCLUSION

We conclude that the court did not abuse its discretion in this case. The denial of the motion for a new trial against the municipality is AFFIRMED.

MATTHEWS, J., not participating.

---

**2.** In this case the municipality did settle, though it was after the new trial motion was denied.