# IN THE SUPREME COURT OF IOWA

No. 18–0566

Filed November 8, 2019

**MARSHA WHITLOW,**

Appellant,

vs.

**RON McCONNAHA, JODI McCONNAHA,** and **TIMOTHY NEWTON,**

Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

RON McCONNAHA and JODI McCONNAHA,
Third-Party Plaintiffs,

vs.

TIMOTHY NEWTON,
Third-Party Defendant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Muscatine County, Stuart P. Werling, Judge.

Defendant exonerated in jury trial seeks further review of court of appeals decision including him in retrial necessitated by error in the verdict form affecting the other defendant. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT RULING AFFIRMED.**

Pressley Henningsen and Benjamin P. Long of RSH Legal, P.C., Cedar Rapids, for appellant.

Patrick L. Woodward and Ryan F. Gerdes of McDonald, Woodward & Carlson, P.C., Davenport, for appellees Ron McConnaha and Jodi McConnaha.

**WATERMAN, Justice.**

In this appeal, we must decide whether the retrial of a comparative fault action must include a defendant exonerated by the first jury. The plaintiff was a passenger on her fiancé's motorcycle and suffered personal injuries in its collision with a farm tractor that was turning left while the motorcyclist attempted to pass it on a county road. The plaintiff's negligence claims against the farmer and motorcyclist were submitted to the jury. The first question asked whether the farmer was at fault, and the jury answered "no." The verdict form, in a mistake overlooked by all counsel and the judge, instructed the jury to stop there, and the jury was discharged without deciding whether the motorcyclist was at fault. The plaintiff moved for a new trial against both defendants. The farmer resisted, and the district court ordered a new trial against the motorcyclist alone. The plaintiff appealed, and we transferred her case to the court of appeals, which reversed and remanded the case for a new trial involving both defendants. We granted the farmer's application for further review.

On our review, we hold the district court correctly omitted the farmer from the new trial. The error in the verdict form prevented the jury from considering the negligence of the motorcyclist, but only after the jury had exonerated the farmer, who should not have to suffer a retrial. Our precedent and cases in other jurisdictions excuse an exonerated defendant from a retrial when the jury's no-liability finding is untainted by the error affecting another party. Accordingly, we vacate the decision of the court of appeals and affirm the district court's ruling granting a new trial on the plaintiff's claims against the motorcyclist alone.

## I. Background Facts and Proceedings.

The jury could find these facts from the trial record. On June 27, 2015, Marsha Whitlow was a passenger on a motorcycle operated by her

fiancé, Timothy Newton, heading south on a paved, two-lane county road. The weather was clear with no precipitation, and the pavement was dry. The speed limit was fifty-five miles per hour. At about 4 p.m., Newton approached a 1976 John Deere farm tractor operated by Ron McConnaha towing a hay rake at ten to fifteen miles per hour in the same southbound lane. The tractor's hazard lights were flashing on the roof of the cab. McConnaha slowed further and activated his left turn signal as he approached a field entrance. He turned his tractor to the left to enter the field while Newton's motorcycle attempted to pass him in the oncoming (northbound) lane. The motorcycle struck the tractor, and Whitlow suffered severe injuries. Emergency personnel airlifted Whitlow to the University of Iowa Hospitals and Clinics where she was treated for a broken neck, leg fractures, rib fractures, and multiple contusions.

Whitlow filed this civil action against Ron McConnaha and his spouse Jodi McConnaha, co-owners of the tractor.[1] Whitlow alleged Ron McConnaha was negligent in operating his tractor, and his negligence caused the accident. McConnaha filed a third-party contribution claim against Newton, alleging his negligent operation of the motorcycle caused Whitlow's injuries, and Whitlow amended her petition to allege her own direct negligence claim against her fiancé. The case proceeded to a six-day jury trial that began on February 26, 2018. Without objection from any party, the trial court submitted the case to the jury with the following verdict form, which contained an unnoticed error in the bracketed instruction immediately after the first question.[2]

---

[1]The McConnahas were properly treated as one party for purposes of allocating comparative fault. *See* Iowa Code § 668.3(2)(*b*) (2015).

[2]Whitlow had proposed the correct verdict form for a comparative fault case with multiple defendants, which states after question one, "[If your answer is no, do not answer

We, the Jury, find the following verdict on the questions submitted to us:

**QUESTION NO. 1:** Was Ronald McConnaha at fault?
Answer "yes" or "no."
ANSWER: _____
[*If your answer is no, do not answer any further questions and sign the verdict form. If your answer is yes, answer Question No. 2.*]

**QUESTION NO. 2:** Was the fault of Ronald McConnaha a cause of any item of damage to the plaintiff?
Answer "yes" or "no."
ANSWER: _____
[If your answer is no, . . . do not answer any further questions and sign the verdict form. If your answer is yes, answer Question No. 3.]

**QUESTION NO. 3:** Was Timothy Newton at fault?
Answer "yes" or "no."
ANSWER: _____
[If your answer is no, do not answer Questions 4 or 5. If your answer is yes, answer Question No. 4.]

**QUESTION NO. 4:** Was Timothy Newton's fault a cause of any item of damage to the plaintiff?
Answer "yes" or "no."
ANSWER: _____
[If your answer is no, do not answer Question No. 5. If your answer is yes, answer Question No. 5.]

**QUESTION NO. 5:** Using 100% as the total combined fault of Ronald McConnaha and Timothy Newton which was a cause of plaintiff's damage, what percentage of such combined fault do you assign to Ronald McConnaha and what percentage of such combined fault do you assign to Timothy Newton?
ANSWER:  Ronald McConnaha _____%
Timothy Newton _____%
TOTAL 100%

**QUESTION NO. 6:** State the amount of damages sustained by plaintiff caused by Ronald McConnaha and/or Timothy Newton's fault.

(Emphasis added.) The jury unanimously answered "No" to question 1, finding Ron McConnaha was not at fault. As instructed (erroneously), the

question 2.]" The court's verdict captured language appropriate when the case involves only the alleged fault of a single defendant.

jury left the remaining questions unanswered and did not decide Newton's fault or award any damages. The foreperson signed the verdict form at the bottom of the final page and returned it to the court on March 7. The court discharged the jury and entered an order on March 8 noting the jury had returned a verdict finding McConnaha was not negligent.

On March 12, Whitlow moved for a mistrial or new trial based on the flawed verdict form. Whitlow acknowledged that none of the four lawyers for the parties or the court caught the error before the case was submitted to the jury or before the jury was discharged. Whitlow argued the jury's failure to answer the questions regarding Newton's fault was tantamount to a hung jury, requiring a mistrial. Alternatively, Whitlow sought a new trial against both defendants on liability and damages. The district court denied her motion for mistrial and granted a new trial as to Newton alone, concluding the verdict was "complete and consistent" as to McConnaha because he was "exonerated of all fault." Whitlow appealed, and we transferred the case to the court of appeals.[3]

A three-judge panel of the court of appeals reversed and remanded for a new trial on all issues, as to both Newton and McConnaha. The court of appeals found Whitlow's posttrial motions preserved error notwithstanding her failure to object to the erroneous verdict form during the instruction conference. The appellate court determined a complete retrial is required because the question of the fault of the two drivers is intertwined. We granted McConnaha's application for further review.

## II. Standard of Review.

We review the district court's denial of a motion for mistrial for an abuse of discretion. *Kinseth v. Weil-McLain*, 913 N.W.2d 55, 66 (Iowa

---

[3]Newton did not appeal the order granting a new trial, nor has he participated in the appellate proceedings.

2018). "Our review of a district court's ruling on a motion for new trial depends on the grounds raised in the motion." *Bryant v. Parr*, 872 N.W.2d 366, 375 (Iowa 2015). "When the ground for a new trial is inconsistency of the jury verdict, we review for correction of errors at law." *Id.* We liberally construe jury verdicts to give effect to the intention of the jury. *Id.* "Generally, we are reluctant to interfere with a jury verdict and give considerable deference to a trial court's decision not to grant a new trial." *Jack v. Booth*, 858 N.W.2d 711, 718 (Iowa 2015) (quoting *Condon Auto Sales & Serv., Inc. v. Crick*, 604 N.W.2d 587, 594 (Iowa 1999)). "We are slower to interfere with the grant of a new trial than with its denial." *Bryant*, 872 N.W.2d at 375 (quoting *Cowan v. Flannery*, 461 N.W.2d 155, 157 (Iowa 1990)).

### III. Analysis.

We must decide whether the district court erred by granting a new trial on Whitlow's claim against Newton alone while denying her motion as to McConnaha given that the jury found he was not at fault.[4] Whitlow argues both drivers must be on the verdict form to compare their fault in the retrial. We disagree. In our view, the error on the verdict form prejudiced only Whitlow's claim against Newton, without tainting the jury's finding as to McConnaha. Once the jury exonerated McConnaha, leaving only Whitlow's claims against Newton to be determined, there remained no fault of more than one party to "compare" in the retrial. *See* Iowa Code § 668.3(2) (2015) (requiring jury to compare fault in trials "involving the

---

[4]We agree with the court of appeals and district court that Whitlow preserved error notwithstanding her failure to object to the erroneous verdict form. She had proposed the correct form, all counsel and the court overlooked the error in the verdict form proposed by McConnaha and submitted by the court, and Whitlow timely moved for a mistrial or new trial.

fault of more than one party to the claim").[5] Whitlow does not get her proverbial second bite at the apple against McConnaha.

"The general rule is that when a new trial is granted, all issues must be retried." *Bryant,* 872 N.W.2d at 380 (quoting *McElroy v. State,* 703 N.W.2d 385, 389 (Iowa 2005)). But "[w]e may narrow the scope of the retrial under some circumstances[.]" *Id.* For example, we have repeatedly left liability findings intact and limited retrials to the issue of damages when the jury awarded past medical expenses, awarded zero for pain and suffering, and gave no indication of a compromise verdict on liability. *See id.* (collecting cases). Thus, in *Bryant,* we left intact the jury's liability verdict that one driver was ninety-five percent at fault, the other driver was faultless, and the plaintiff-passenger was five percent at fault and limited the retrial to damages issues. *Id.* at 380–81 (noting "[n]o party contends the liability findings are tainted by the jury's determination of damages or that the jury compromised on liability"). Here, we see no basis for concluding that the jury's finding that McConnaha was not at fault resulted from a compromise verdict or was otherwise tainted by the erroneous instruction on the verdict form.

A recent case provides guidance for limiting the scope of the retrial to exclude a defendant that the jury found not at fault. In *Mumm v. Jennie Edmundson Memorial Hospital,* we affirmed the district court's ruling denying a new trial in a medical malpractice action. 924 N.W.2d 512, 519–

---

[5]We remind counsel and trial courts to carefully scrutinize verdict forms before submission. And the jury should not be discharged before the court ensures the verdict is complete without inconsistencies that could be resolved by further deliberations under Iowa Code section 668.3(6). Doing so avoids unnecessary retrials and appeals. *See Bryant*, 872 N.W.2d at 377 ("To avoid repetition of this resource-wasting result, we repeat [our] prior admonition that '[t]he trial court should not discharge the jury until it determines the special verdict is consistent and supported by evidence.' " (quoting *Clinton Physical Therapy Servs., P.C. v. John Deere Health Care, Inc.*, 714 N.W.2d 603, 616 (Iowa 2006))).

20 (Iowa 2019). The verdict form included the defendant-physician and a released party. *Id.* at 515–16. During deliberations, the jury foreperson sent a question to the court asking if the plaintiff's recovery would be reduced by fault attributed to the released party. *Id.* at 516. The jury instructions were silent on that point, and plaintiff's counsel urged the court to answer "yes" to the question. *Id.* at 516–17. The district court declined to give that answer or any supplemental instructions and told the jury to "follow the instructions already given to you." *Id.* at 517.

The jury returned a unanimous verdict finding the defendant-physician was not negligent. *Id.* We held that any error in omitting the requested supplemental instructions did not taint the jury's no-liability verdict. *Id.* at 519–20 ("Even if the supplemental instruction sought by Mumm would have corrected a deficiency in the comparative fault allocation instructions, Mumm suffered no prejudice because the jury found unanimously that Dr. Mileris was not negligent."). We reach the same conclusion here that the jury's no-negligence finding as to McConnaha is untainted by the erroneous instruction on the verdict form, and as an exonerated defendant, McConnaha does not have to undergo a retrial.

*Jack* provides another example in which we required an exonerated defendant to be excused from a retrial necessitated by the actions of another defendant. 858 N.W.2d at 720–21. Mary Jack sued two physicians for medical malpractice in connection with her surgical procedure. *Id.* at 713. A juror fainted during the trial, and one defendant assisted her while the other defendant remained on the witness stand. *Id.* at 713, 717 n.5. Jack moved for a mistrial, arguing jurors would be biased in favor of both defendants after viewing the one defendant-physician aiding their fellow juror. *Id.* at 714–15. The district court excused the ill

juror and denied Jack's motion for mistrial. *Id.* at 715. The case was submitted with separate jury instructions setting forth Jack's separate specifications of negligence against each defendant. *Id.* at 715–16. The jury returned a defense verdict, finding neither physician at fault. *Id.* at 717. The district court denied Jack's motion for a new trial, but the court of appeals reversed and remanded the case for a new trial as to both defendants. *Id.* Noting Jack's separate specifications of negligence, we upheld the jury verdict exonerating the one defendant and limited the new trial to the defendant whose actions necessitated it. *Id.* at 721. We rejected Jack's argument that the liability issues were so intertwined as to require a new trial against both defendants. *Id.* at 720.

We reach the same conclusion here—Whitlow alleged separate specifications of negligence against each driver, and the jury was instructed accordingly. Their alleged fault is not so intertwined as to mandate a retrial of both defendants.[6] The jury was instructed to consider all of the surrounding circumstances of the accident, "together with the conduct of Ronald McConnaha and Timothy Newton." And "we assume that jurors follow the court's instructions." *Auto. Underwriters Corp. v. Harrelson*, 409 N.W.2d 688, 691 (Iowa 1987). The verdict was complete against McConnaha. The district court correctly ruled that the jury verdict exonerated McConnaha and correctly excused him from the retrial against Newton.

---

[6]A retrial against both defendants likely would be required if the jury found each at fault. *See Buffett v. Vargas*, 914 P.2d 1004, 1010 (N.M. 1996) ("For example, if the jury finds that Defendant A is sixty percent at fault and Defendant B is forty percent at fault, and the appellate court decides that reversible error was committed as to Defendant B, then Defendant A could be required to stand retrial if the jury likely would have apportioned the fault differently had the error not been committed. . . . However, retrial of Defendant A would not always be appropriate, especially when, as in this case, the jury had exonerated the defendant." (Citation omitted.)).

In *McIntosh v. Lawrance,* the Oregon Supreme Court held that an exonerated defendant should not be included in a retrial resulting from an instructional error involving another defendant. 469 P.2d 628, 629 (Or. 1970) (en banc). The plaintiff-passenger injured in a two-car collision sued the drivers, Lawrance and Jones. *Id.* A jury found each driver not negligent, and the plaintiff moved for a new trial against both based on erroneous jury instructions on the claim against Lawrance alone. *Id.* The trial court granted the motion, and the Oregon Supreme Court reversed as to Jones, reasoning that "[t]he questioned instructions related solely to plaintiff's case against the defendant Lawrance and, therefore, could not have prejudiced [plaintiff's] case against the defendant Jones." *Id.* Similarly, the error on the verdict form prejudiced Whitlow's claim against Newton alone, and the retrial is appropriately limited to that defendant.

We hold that the district court correctly limited the scope of the retrial to Whitlow's claim against Newton, thereby upholding the jury verdict exonerating McConnaha.

### IV. Disposition.

For these reasons, we vacate the decision of the court of appeals and affirm the district court's ruling denying Whitlow's motion for mistrial and granting Whitlow's motion for a new trial against Newton alone. We remand for entry of judgment on the jury verdict in favor of McConnaha and for a new trial against Newton consistent with this opinion.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT RULING AFFIRMED.**